[No. 5780.　Decided December 21, 1905.]

M. M. TEATER, *Appellant,* v. TERRY KING, *Respondent.*[1]

APPEAL—DECISION—LAW OF CASE. Upon the second appeal of a cause the decision on the first appeal as to the sufficiency and competency of the same evidence introduced at the first trial is conclusive.

APPEAL—TRIAL DE NOVO—RECEPTION OF INCOMPETENT EVIDENCE—HARMLESS ERROR. Upon a trial *de novo* in the supreme court of an action at law tried without a jury, a case will not be reversed because of the reception of incompetent evidence where there was other competent testimony sustaining the findings.

UNLAWFUL DETAINER—EXPIRATION OF LEASE BEFORE FINAL TRIAL—RIGHT OF DEFENDANT TO JUDGMENT FOR COSTS. Upon a finding in favor of the defendant in an action of forcible entry and detainer, in which the final trial does not occur until after the expiration of the defendant's lease, judgment that the defendant was rightfully in possession at the time of the commencement of the action, and that he recover his costs, is proper.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 3, 1905, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action of unlawful detainer. Affirmed.

*Shank & Smith,* for appellant.

*Allen, Allen & Stratton,* for respondent.

HADLEY, J.—This is an action for unlawful detainer. The cause was once before here on appeal. *Teater v. King,* 35 Wash. 138, 76 Pac. 688. The facts are stated in that opinion, reference to which is hereby made to avoid repetition. The case went to trial the first time before a jury, and the plaintiff moved for a directed verdict, and for judgment in his favor, which motion was granted by the trial court. This court reversed that ruling, and remanded the cause for a new trial. The cause was tried a second time before the court

[1]Reported in 83 Pac. 8.

without a jury, and findings of facts and conclusions of law were entered. Judgment was rendered for the defendant, and the plaintiff appealed.

The first assignment of error is that the trial court erred in finding that appellant is bound by the lease from Mrs. Dodds to Spores and Gavin. Upon the former appeal it was held that the evidence bearing upon this subject sufficiently sustained the answer to require its submission to the jury, and that it was error to hold otherwise, as a matter of law. The evidence was discussed in the former opinion, and it was to the same effect at the second trial. We think the court's finding upon that fact at the second trial is sustained by the evidence, and should not be disturbed.

The second assignment is that it was error to admit evidence and make findings regarding the ratification of the Spores and Gavin lease by Carraher, the executor of the estate owning the premises. The competency of this evidence was recognized in the former opinion, and the finding here is amply supported by the evidence. The same is also true of the finding that respondent had the same rights that Spores and Gavin originally had.

The next assignment is that the court erred in considering a certain conversation between the parties when rent for the following month was paid. Without discussing that evidence, it is sufficient to say that, even if it were incompetent, there is sufficient other evidence to sustain the judgment, and in such case, where this court is trying the case *de novo*, it will not reverse a judgment merely because incompetent evidence may appear in the record. Only the competent evidence will be considered, and if there is sufficient such to sustain the judgment, it will not be reversed. *Jefferson County v. Trumbull*, 34 Wash. 276, 75 Pac. 876; *Hunt v. Phillips*, 34 Wash. 362, 75 Pac. 970; *Muir v. Westcott*, 34 Wash. 463, 75 Pac. 1107.

The last contention is that the court erred in entering judgment for the respondent. At the time of the last trial, the

lease under which respondent held had expired, and it is argued that, as he was no longer entitled to possession, he was not entitled to judgment. The judgment does not in terms award him present possession. The essential part of it is as follows:

"It is adjudged and decreed that the defendant Terry King, at the time of the commencement of this action, was entitled to the possession of the property described in the plaintiff's complaint herein, . . . and it is further ordered and adjudged that the plaintiff herein, M. M. Teater, take nothing by his complaint, and that the defendant Terry King have and recover of and from the plaintiff his costs and disbursements in this action . . . ."

We think the respondent was entitled to such a judgment, and the court did not err.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, RUDKIN, CROW, DUNBAR, and ROOT, JJ., concur.