# SUPREME COURT,
## STATE OF KANSAS.

## JULY TERM, 1909.

*PRESENT:*

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. CLARK A. SMITH,
HON. SILAS W. PORTER,   } JUSTICES.
HON. CHARLES B. GRAVES,
HON. ALFRED W. BENSON,

DANIEL P. VAUGHAN, *as Administrator, etc., Appellant,*
v. ALEXANDER BROWN, JR., *et al., Appellees.*

No. 15,498.

### SYLLABUS BY THE COURT.

EXECUTORS AND ADMINISTRATORS—*Right to Possession of Property—Execution—Appeal from Probate Court—Jurisdiction.* The district court upon an appeal from the probate court in proceedings under the executor's act (Gen. Stat. 1901, §§ 3002-3006) found the defendants guilty of wrongfully taking and conveying away and withholding personal property belonging to the estate from the administrator, and adjudged that it be restored to his possession and that such restoration be compelled by attachment, but also ordered that, in case there was sufficient other personal property of the estate to pay the indebtedness and expenses of administration, the administrator should return the property or the proceeds thereof to the defendants. It is *held,* that the order for the return of the property or its proceeds to the wrong-doers who had so unlawfully conveyed it away was inconsistent with the findings and judgment, an unwarranted interference with the due course of administration, and erroneous.

1—81 KAN.

Appeal from Jackson district court; MARSHALL GEP-HART, judge. Opinion filed November 6, 1909. Modified.

*Charles Hayden,* and *I. T. Price,* for the appellant.

*E. T. Woodburn, E. D. Woodburn,* and *A. E. Crane,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: Patrick Vaughan died intestate September 17, 1905, leaving Daniel P. Vaughan and T. B. Vaughan, his sons, his sole heirs, and leaving personal property which was inventoried by the administrator November 25, 1905. On the same day on which the inventory was filed judgments were rendered by a justice of the peace against T. B. Vaughan, and executions were issued thereon to defendant Alexander Brown, jr., a constable, who thereupon levied on certain domestic animals in the possession of the administrator, which were borne upon his inventory as belonging to the estate and which did in fact belong to the deceased at the time of his death. This property was afterward sold by Brown at a constable's sale to his codefendant, George Grover. At the time of the sale the administrator publicly claimed the property as a part of the estate of Patrick Vaughan, deceased, and forbade the sale. The sale proceeded, however, and the property was taken away by the purchaser, Grover. The constable made the following return:

"Received this writ November 25, 1905. November 25, 1905, levied on the goods and chattels of the within named T. B. Vaughan and Mary Vaughan in the possession of Dan Vaughan and claimed by him as administrator of the estate of Patrick Vaughan, deceased, described in the annexed schedule. November 25, 1905, advertised the same for sale. December 21, 1905, sold the following goods and chattels at the price set opposite the same: 4 cows, two heifers, 2 spring calves, 1 short-horn bull, 1 mare mule. $125. First offered them separately and received no bids because Dan

Vaughan claimed them as administrator. I then offered them for sale in a bunch and sold them in a bunch to George Grover for $125."

The administrator demanded the property of the purchaser, and, the demand being refused, filed his complaint in the probate court charging that the defendants had conveyed it away and still held and concealed it, and asked for a citation for the appearance and examination of the defendants under the provisions of sections 3002-3006 of the General Statutes of 1901. The proceedings under this complaint resulted in a judgment of the probate court ordering the restoration of the property to the administrator. From this order the defendants appealed, and upon a trial in the district court it was found that the complaint was true; that the defendants were guilty of having unlawfully conveyed away the property, and of wrongfully withholding it from the possession of the administrator, and ordered that it be restored to his possession and that such return be enforced by attachment. Having so found and adjudged in favor of the administrator, the court also ordered as follows:

"It is further considered, ordered and adjudged that in case there shall be sufficient other personal property of said estate to pay in full all indebtedness of said estate, including expenses of administration, then and in such case the said administrator shall deliver to the appellant, George Grover, all of the property in controversy in this proceeding, including the twelve and 50-100 dollars ($12.50) herein adjudged to be paid in lieu of the aforesaid dead animal, which shall not have been used in the payment of the debts of the aforesaid estate and expenses of administrator, after all other personal property of said estate shall have been exhausted.

"It is further considered, ordered and adjudged that in the event the property in question in this proceeding shall be converted into money by said administrator, that the proceeds thereof shall be by said administrator paid to the appellant, George Grover, excepting only so much thereof as shall have been necessarily used in the payment of the debts of the estate of the said Patrick Vaughan, deceased, and expenses of administration,

after all other personal property of said estate shall have been exhausted."

The statute requires an administrator to make an inventory of the personal property of the deceased, and to sell it within three months from the date of his bond. He is charged in his account with the amount of the sale bill and all property coming to his hands to be administered. Such property does not descend to the heirs subject to the payment of debts, but the legal title vests in the administrator for this purpose, and for the distribution of the remaining proceeds after paying expenses. He must have the possession in order that he may thus administer, and this possession is protected and the right thereto enforced by the provisions giving a summary remedy against those who embezzle, conceal or convey away such property.

The defendants challenge in this court the jurisdiction of the district court to try the title to this property on appeal from the probate court, citing *Hartwig v. Flynn*, 79 Kan. 595. But the complaint was clearly sufficient to give the court jurisdiction to proceed under the statute, and as the defendants did not file a cross-petition in error it is not perceived how they can question the sufficiency of the evidence to support the complaint. The case cited, however, is radically different from this. This is a proceeding to obtain possession of property admitted to belong to the deceased at the time of his death which was wrongfully taken away from the possession of the administrator, where it was awaiting the due course of administration. The defendants did not claim title to it otherwise than under the heir, who could obtain no title except through distribution or purchase at the administrator's sale. The defendants claimed upon the trial that the administrator and his brother, the execution debtor, had divided the property between them, the part levied upon falling to the share of the latter. Whatever may be the effect of such an attempted division, without an order for or approval

by the probate court and before the time for exhibiting claims by creditors had elapsed, the general finding of the court upon conflicting evidence determines the fact —if it be material—against the defendants. Indeed the constable stated in his return that he had taken the property from the possession of the administrator, who claimed it. He did not even state that it was levied on as the property of the debtor.

The effect of the judgment, aside from the order appealed from, was to restore this property to rightful custody, so that the administration might proceed as required by law. In the hands of the administrator it was not subject to seizure under execution, for it was in the custody of the law. (1 Freeman, Executions, 3d ed., § 131.) But it is urged that the administrator can not complain of the order appealed from because he may still use the property to pay debts and expenses if it becomes necessary. To comply with this order, however, he must hold these animals until the time for filing claims has elapsed, and then if the debts and expenses can be paid out of other property they must be returned to Grover. In other words, in this summary proceeding to obtain possession of the property of the estate the assets are classified and a conditional lien is fixed upon a part. The wrongful seizure and removal are thus made the basis of a valuable right. Another effect of this order is that the distribution to be made upon final settlement is predetermined, and if this property only shall be left for distribution it must be delivered to one of the two heirs to the exclusion of the other, and this without any adjudication of their respective rights thereto. If this practice should prevail it would, as stated by Mr. Freeman in the section cited, *supra,* not only embarrass and delay the settlement of estates, but would often draw them away from the courts of probate, where they ought to be settled. The author points out other evils which can be easily foreseen if such a course should be pursued.

The judgment of the district court will be modified by striking out the order above copied, and the cause is remanded for such modification.