Markham v. Waterman.

---

No. 22,191.

HARVEY MARKHAM, as Trustee in Bankruptcy, etc., et al., *Appellants,* v. AUGUSTA WATERMAN et al., *Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Construction—Intention of Testator Governs.* Rule followed that in the construction of a will the testator's intention is to be gleaned from the entire text of the testament, and not by giving such controlling significance to any one paragraph as to render abortive other and subsequent provisions of the will which likewise indicate part of the testator's purposes.

2. SAME—*Life Estate to Widow with Power of Disposition—Vested Remainder to Children.* A will which declared that the testator's widow should be the real owner and have complete control of testator's prop-

erty, etc., named an executor and prescribed his duties and fixed his compensation, directed the sale of his household goods, made a special allowance to whichever one of his children his widow should choose to live with, and provided for a determination of the amount and value of the property aforesaid after the death of the testator's widow, and directed that it be divided equally among his children or their heirs, examined, and held that such will bequeathed to the widow a life estate with power of disposition, and bequeathed a vested remainder to his children.

3. SAME—*Life Estate—Vested Interest of Remaindermen—Passes to Trustee in Bankruptcy.* Under the circumstances outlined in paragraph two of the syllabus, the sons of the testator have a present right or interest in the property bequeathed, although their enjoyment thereof is postponed until their mother's death, and such right or interest of each son (not being exempt property) will pass to a trustee in bankruptcy as part of a bankrupt son's estate.

4. SAME. The certainty that a right of property is vested in a definitely ascertained person, not the value of that right nor the time when it may be enjoyed, determines the question whether that right is an asset of which a court may make judicial disposition.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed June 7, 1919. Reversed.

*Edgar Bennett,* of Washington, *Joseph G. Logan,* of Topeka, *C. J. Denison, John L. Kirkpatrick, Edwin A. Krauthoff, W. S. McClintock,* and *A. L. Quant,* all of Kansas City, Mo., for the appellants.

*J. R. Hyland,* of Washington, and *Charles L. Hunt,* of Concordia, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs are the trustees in bankruptcy of the estates of four sons of the late Louis Waterman, of Washington county, Kansas. Plaintiffs seek a determination of their official interest in the estate of Louis Waterman; and the existence and nature of that interest, if any, depends upon a consideration of the will of Louis Waterman. The will reads:

"This is to certify that I, Louis Waterman, of sound mind, declare this to be my last will and testament:

"1st. That my wife, Augusta Waterman, shall be the real owner and have complete control over all my property, both real and personal.

Markham v. Waterman.

"2nd. That L. C. Waterman, Jr., shall be the executor of this will and shall keep a true and correct account of all interests and rents that shall be received from my property, both real and personal, and shall deposit the same in the Hanover State Bank of Hanover, Kansas, unless the executor sees an opportunity to loan or invest same to better advantage.

"3rd. That on the death of my wife, Augusta Waterman, the executor shall determine the amount and value of all real and personal property aforesaid and the same be divided equally between my children or their heirs.

"4th. That after my death a sale of all my household goods and effects shall be held and the proceeds turned over to the executor of this my last will and testament.

"5th. With whichever of the heirs my wife Augusta Waterman shall choose to live shall receive the sum of six dollars ($6.00) per month while she is in good health and able to take care of herself, and twelve dollars ($12.00) per month when she becomes feeble and unable to take care of herself.

"6th. That after the death of my wife, Augusta Waterman, and at the settlement of this estate the executor shall as compensation for his services receive the sum of $100.00.

"7th. In case the present executor should die before this estate is settled then William L. Waterman shall act as executor."

"LOUIS WATERMAN."

The testator died in 1905, and his widow elected to take under the will. At various dates in 1917, four of Waterman's sons became bankrupts, and the plaintiffs seek to subject the several interests of the bankrupt estates in the property bequeathed by their father's will to the payment of the debts of the bankrupt sons.

The trial court decided that the will vested in Augusta Waterman, widow of Louis, and mother of the bankrupt sons, a title in fee simple to all the property of her husband; and, consequently, that the plaintiffs should take nothing in this action.

Plaintiffs appeal. Elaborate briefs are filed for both plaintiffs and defendants construing Waterman's will, and discussing whether it conveyed an estate in fee simple to the widow, or a life estate with power of disposition, or a mere life estate with vested remainders in the heirs of Waterman. This court has no difficulty in deciding that the grant to the widow falls in the second class—a life estate with power of disposition. The old rule that a seemingly unqualified devise in an independent and prior clause of a will cannot be diminished by separate, subsequent clauses of the will (*McNutt v. McComb*, 61 Kan. 25, 58 Pac. 965; 4 Kent Comm. 270), has been largely

superseded by the modern Kansas rule, that the testator's intention is to be gleaned "from the four corners of the instrument"—from the entire text of the document. Some of our earlier cases foreshadow the coming of this doctrine (*Williams v. McKinney,* 34 Kan. 514, 519, 9 Pac. 265; *Ernst v. Foster,* 58 Kan. 438, 47 Pac. 527), and this court was fully committed to it in *Bullock v. Wiltberger,* 92 Kan. 900, 142 Pac. 950, and has followed it consistently in all the later cases. (*Morse v. Henlon,* 97 Kan. 399, 155 Pac. 800; *Postlethwaite v. Edson,* 98 Kan. 444, 155 Pac. 802; *Id.,* 102 Kan. 104, 619, 171 Pac. 769; *Bryant v. Flanner,* 99 Kan. 472, 162 Pac. 280; *Brown v. Brown,* 101 Kan. 335, 166 Pac. 499; *Scott v. Gillespie,* 103 Kan. 745, 176 Pac. 132; *Otis v. Otis,* 104 Kan. 88, 177 Pac. 520.)

While the first clause of this will, read by itself and excised from the rest of the text, would be construed to vest the title in Amanda Waterman in fee simple, because it bequeathes to her *real* ownership and *complete* control (6 Words and Phrases, 5134), yet the other clauses of the will must be considered and given effect in conjunction with the first clause. We find no reason, however, to say that the succeeding clauses so modify the first clause as to whittle down the bequest to the widow to a naked life estate. That she is to be "real owner" and to have "complete control" of the property seems to have been the testator's chief concern, but doubtless he presumed that his wife would not be likely to dispose of the property, or to consume or exhaust it entirely, and so he bestowed the remainder upon his children. This view of the matter is strengthened by a critical examination of the various provisions of the will. He names one of his sons as executor, and because he would save the mother of his children the business worries of managing the property, he directs that son how to manage the income; he presumes that the widow will not wish to maintain a home by herself after his demise, and so he directs that the household goods be sold after his death; he anticipates that his widow will make her home with one of the children—doubtless the one who was best situated and best disposed to make her feel at home—and so he provides that whichever of his children with whom she chooses to live shall have a small monthly stipend for such considerateness toward the mother, and that that stipend shall increase when her gathering years may render the burden more onerous. It is

obvious, also, that this stipend is not for mere board and lodging for the widow; the monthly allowances are manifestly too small for that, especially when read in connection with the considerable estate left by Louis Waterman—240 acres of unencumbered Washington county land, etc., the ownership and control of which was bequeathed to her, and which was so favorably considered by the widow that she chose to take under the will rather than stand upon her statutory right to one-half of the entire estate. Clearly, Louis Waterman did not intend to require his widow to choose between a pittance of $6.00 to $12.00 per month and her statutory half interest in all his property. In short, Louis Waterman intended to bestow his property in such a manner as to make adequate provision for his wife, presuming that it was unlikely that she would make great inroads upon the estate, and intending that his children should have what she did not expend of it during her lifetime. Such a testamentary arrangement is what is commonly known as a life estate with power of disposition. (*Greenwalt v. Keller,* 75 Kan. 578, 90 Pac. 233. See, also, excerpts in *Ryan v. Cullen,* 96 Kan. 284, 290, 150 Pac. 597.)

Is the remainder of such an estate liable to seizure for the satisfaction of the remainderman's debts? It seems clear that it is. The interest of the remainderman is one which he himself could sell (*Stevenson v. Stevenson,* 102 Kan. 80, 169 Pac. 552), and of course the trustee of his bankrupt estate may sell it for him. The fact that the life tenant has the power of disposition—the power to exhaust the property—does not alter the legal status of the remainderman's right. Where the interest is vested, where its status is fixed, it is immaterial that the right or interest may be of indefinite value, or that when the efflux of time brings the remainderman into possession it may have no material value. (*Blanchard v. Blanchard and others,* 1 Allen [83 Mass.], 223; 4 Kent Comm. 198). In *Bunting v. Speek,* 41 Kan. 424, 434, 21 Pac. 288, it was said:

"Under the statutes in various states, if the person who is to take the estate is ascertained, he has what is called a vested interest in a contingent remainder, which may be alienated by deed. When the person is ascertained who is to take the remainder when it becomes vested, and he dies, it will pass to his heirs, or may be devised by him. It might always have been released by him to the reversioner. In the case of *Putnam v. Story,* 132 Mass. 205, it is held, that where there was a re-

mainder to heirs, though contingent, it was assignable, it appearing that there were children living at the time. An attempted conveyance by deed will pass the estate by estoppel when it rests. (*Robertson v. Wilson*, 38 N. H. 48.) When, however, the contingency is not in reference to the person who is to take, but to the event upon which he is to take, the remainderman may grant his interest, and the grantee will take subject to the contingency. (*Kenyon v Lee*, 94 N. Y. 563.)"

Counsel for appellee contends that where a life estate with power of disposition is created, the remainderman does not take title. His interest may not amount to the dignity of title, but he has an interest or property right, nevertheless, although it may be of little value. And it is a property right or interest which he can sell, and consequently it can be sold for the payment of his debts (*Strom v. Wood*, 100 Kan. 556, 164 Pac. 1109), although we note that Brandenburg, in his textbook on bankruptcy, fourth edition, section 806, cites a federal case to the contrary. (See, also, note in 20 L. R. A., n. s., 65, *et seq*.) In this state the studied and consistent public policy has been to maintain as far as may be the natural simplicity of property rights, uncluttered with artificial refinements of the common law. (*Simpson v. Mundee and Brown*, 3 Kan. 172, 184, 185.) Whatever form or sort of property, or interest in property, a man owns in this state, may ordinarily be the subject of legitimate barter and sale, and unless it be exempt property the sheriff may sell it to pay his debts.

Measured by all the rules of law, each of these bankrupt sons of Louis Waterman is vested with a clearly existent right or interest in the property bestowed by his father's will (Gen. Stat. 1915, § 10973; subdivs. 8, 9, 10; *Bank v. Murray*, 86 Kan. 766, 121 Pac. 1117; *Ward v. Benner*, 89 Kan. 369, 131 Pac. 609; *Strom v. Wood*, 100 Kan. 556, 164 Pac. 1109; 32 Cyc. 647-650), and their several interests have passed to their trustees in bankruptcy by operation of law. (*Scott v. Gillespie*, 103 Kan. 745, 176 Pac. 132; Brandenburg on Bankruptcy, 4th ed., § 835; 17 Cyc. 950, 951.) Of course, one who acquires a remainderman's interest in property where the life tenant has the power of disposition or consumption may get little or nothing for his bargain. He may acquire it, however, for no rule of public policy is violated in such a transaction.

The judgments of the district court are reversed, and the several causes are remanded with instructions to enter judgment for the plaintiffs as trustees in bankruptcy.