### No. 25,565.

C. McCARTHY et al., as THE McCARTHY HARDWARE COMPANY, *Appellants,* v. J. W. FOUST et al., *Appellees.*

#### SYLLABUS BY THE COURT.

EXECUTORS AND ADMINISTRATORS—*Liability to Garnishment.* An executor or administrator of an estate cannot be charged as garnishee in an action against an heir or devisee, with respect to money or property in his hands in his representative capacity, before the probate court has made an order of distribution.

Appeal from Phillips district court; WILLARD SIMMONS, judge. Opinion filed May 9, 1925. Affirmed.

*D. M. McCarthy,* and *L. E. Weltmer,* both of Mankato, for the appellants. *William Kingery,* of Phillipsburg, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The appeal brings up for review a judgment of the district court holding garnishment of funds in the hands of an administrator of an estate, before the probate court has ordered distribution, to be unauthorized.

Mary J. Bon died, leaving a will in which she gave all her property to Myrtle L. Foust. The will was probated in November, 1922, and W. M. Green was appointed administrator with will annexed. On May 9, 1923, Myrtle Foust applied to the court for an order of partial distribution, upon execution by the distributee of the statutory bond. Hearing of the motion was set for May 23. On May 10, the administrator was garnished in an action by the McCarthy Hardware Company against J. W. Foust and his wife, Myrtle Foust. On May 23, the motion for partial distribution was withdrawn. At the time garnishment summons was served, the administrator had in his hands money belonging to the estate in the sum of $1,272.75. The probable costs of administration were esti-

mated at $65. The administrator and the parties to the action knew of no outstanding debts. For a number of years previous to her death the testatrix had made her home with Myrtle Foust and her husband, and had lived upon the income from her property. The will stated that the testatrix's husband was dead. The probate court has made no findings of heirship, and who the heirs of the testatrix may be is not disclosed.

The probate court had full jurisdiction over all matters relating to settlement and distribution of the estate of the testatrix, including time and amount of partial distribution. Without an order of distribution, the legatee was not entitled to any specific portion of the funds in possession of the administrator, and without such an order the administrator was obliged to account to the probate court for all such funds. The garnishment proceeding was the equivalent of an action by the hardware company against the administrator for the money belonging to the undistributed estate (R. S. 60-951) and, if judgment were rendered against the administrator, he might not be able to respond to lawful orders of the probate court. The district court has no authority to direct, control or interfere with exercise of proper jurisdiction by the probate court. The garnishment statute confers no such authority, and an executor or administrator of an estate cannot be charged as garnishee in an action against an heir or devisee, with respect to money or property in his hands in his representative capacity, before the probate court has made an order of distribution. (*Nelson v. Stull,* 65 Kan. 585, 68 Pac. 617, 70 Pac. 590.)

The hardware company cites the case of *Sherman v. Havens,* 94 Kan. 654, 146 Pac. 1030, in which it was held that, when the reason for the rule applied in *Nelson v. Stull* fails, the rule itself fails. In *Sherman v. Havens,* the executor was not simply an executor. He was testamentary trustee of a spendthrift trust, requiring payment to the beneficiary of $250 quarterly in advance from death of the testator to death of the beneficiary. The court held that no order for these payments was necessary, and since the testator had not indicated that the payments were to be enjoyed free from claims of creditors, the executor-trustee was subject to garnishment. While in this instance it is likely that upon a hearing an order granting partial distribution would have been granted, nevertheless such an order was indispensable to liability of the administrator to garnishment.

The judgment of the district court is affirmed.