No. 26,812.

THE CITIZENS STATE BANK OF OSAGE CITY, *Appellant*, v. EMERA A. MOORE and ANNA F. MOORE, *Defendants;* THE FARMERS STATE BANK OF OSAGE CITY, Interpleader, *Appellee.*

### SYLLABUS BY THE COURT.

GARNISHMENT—*Heir's Interest Subject to Administration—When Garnishment Effective.* Garnishment of those in possession of assets of the estate of an intestate, before an administrator has been appointed, does not bind the distributive share of an heir as against garnishment of the administrator after final distribution has been ordered by the probate court.

Appeal from Lyon district court; ISAAC T. RICHARDSON, judge. Opinion filed October 9, 1926. Affirmed.

*C. G. Messerly,* of Osage City, and *W. S. Kretsinger,* of Emporia, for the appellant.

*O. T. Atherton* and *W. L. Huggins,* both of Emporia, for the appellee.

Garnishment, 28 C. J. pp. 128 n. 45, 185 n. 78, 186 n. 2, 257 n. 80.

The opinion of the court was delivered by

Burch, J.: The question involved in this appeal is whether garnishment of those in possession of assets of the estate of an intestate, before an administrator has been appointed, binds the distributive share of an heir as against garnishment of the administrator after final distribution has been ordered by the probate court.

Anna F. Moore and her husband, Emera A. Moore, became heavily indebted to two banks of Osage City, and left the state. Anna F. Moore's father, Thomas E. Best, died intestate, leaving property more than sufficient to pay his debts. Immediately following death of Thomas E. Best, each bank brought suit against the Moores, and caused the assets of the estate of Thomas E. Best to be garnished in the hands of those in possession. The garnishment of the Citizens bank was prior in time to that of the Farmers State Bank. The Moores were served by publication, the actions proceeded to judgments finding the amounts due, and real estate was sold which partially satisfied each judgment. The balance due the Citizens bank after appropriation of real estate was $1,463, and the balance due the Farmers bank was $1,935.38. The judgment in favor of the Citizens bank declared that its garnishment lien was superior to all others. It is claimed, and may be conceded, that this portion of the judgment was contested by the Farmers bank. After service of garnishment summons, an administrator of Thomas E. Best's estate was appointed. Under order of the probate court the administrator reduced the assets to possession, and in due time settled the estate. The Citizens bank gave its consent that its garnishees might deliver to the administrator assets in their possession. The administrator gave notice that he would close administration on May 23, 1925, and on that day the probate court made an order of final distribution, directing the administrator to distribute the balance of the estate in his hands to the lawful heirs of Thomas E. Best, including the sum of $1,665.82 to Anna F. Moore. On May 22, 1925, the Citizens bank obtained an order from the district court directing the administrator to pay Anna F. Moore's distributive share of her father's estate to the bank. This order was served on the administrator. On May 25, 1925, the Farmers bank brought suit against Anna F. Moore for the unsatisfied portion of her indebtedness, and garnished the administrator, who had not complied with the order of final distribution or with the order of the district court.

Anna F. Moore was served by publication, and in due time the action proceeded to appropriate judgment. The administrator answered as garnishee, stating the situation, and was permitted to pay to the clerk of the district court the fund in controversy, to abide the court's order. By leave of court, the Farmers bank interpleaded in the Citizens bank case, issues were joined, a trial was had, and the court awarded the fund to the Farmers bank.

The persons garnished by the Citizens bank were the widow of Thomas E. Best, his son, L. L. Best, and the Admire State Bank. The garnishment proceeding was the equivalent of an action against them by the bank to recover the unadministered assets of the estate in their possession (R. S. 60-951), for the purpose of appropriating a portion of them to payment of Anna F. Moore's debt to the bank. If judgment were rendered against them and the judgment were enforced, the estate could not be administered according to law. The estate would be in custody of the district court. Whatever the probate court might desire to do would be subject to the limitations imposed by the orders and judgments of the district court. The decedent's debts were to be paid, a will might be discovered, a posthumous child might be born, advancements to Anna F. Moore might have been made, and whether she had any interest, and if so the extent of it, was contingent on the result of settlement of the estate. Settlement of the estate was a subject within the exclusive jurisdiction of the probate court, and the law does not tolerate interference with that jurisdiction by the district court.

It was the duty of the probate court to appoint an administrator of the estate of Thomas E. Best. It is elementary law that, when the administrator was appointed, he took title to all the personal property. His title was not title *sub modo*, but was full legal title which related to the time of the intestate's death. Such title is indispensable to the administrator in order to qualify him to collect and account for assets and to obey lawful orders of the probate court, and is indispensable to the probate court to enable it to fulfill its jurisdiction over settlement of an estate.

A garnishment creditor has no privilege superior to that of his debtor, and Anna F. Moore could not have recovered judgment, for example, against the Admire bank for one-fourth of the money her father had on deposit there. She had no interest in any specific portion of the funds or property in the hands of the administrator, until the estate was settled and the probate court made an order of final

distribution. This court has already declared that creditors may not meddle with an estate by garnishment proceedings after appointment of an administrator and before the probate court has released control by an order of final distribution. (*McCarthy Hardware Co. v. Foust*, 118 Kan. 431, 235 Pac. 867.) It is just as essential the probate court take unencumbered possession of an estate for the purpose of administration. This is accomplished by carrying the administrator's title back to death of the intestate and making the administrator's succession to the intestate immediate.

L. L. Best, son of the intestate, and one of the garnishees, was appointed administrator. As administrator he was not affected by the garnishment proceeding. He was not a party, in his capacity a administrator, to any action in which the fund was in controversy until he was garnished by the Farmers bank after the order of final distribution was entered by the probate court. He was not bound by the adjudication of priority of garnishment liens as between the two banks. The order of the district court made on May 22, 1925, directing him to pay Anna F. Moore's share of the estate to the Citizens bank, was an *ex parte* order, and was an unauthorized attempt to predetermine distribution by the probate court. (*Vaughn v. Brown*, 81 Kan. 1, 5, 105 Pac. 30; *McCarthy Hardware Co. v. Foust*, 118 Kan. 431, 235 Pac. 867.)

The order of the district court adjudicating priority as between the garnishments of 1923, did not bar the Farmers bank from claiming the fund under its garnishment of the administrator in 1925. That garnishment was effective because it occurred after the probate court had entered an order of final distribution.

The judgment of the district court is affirmed.