No. 34,218

H. W. PAULIN, *Appellant*, v. N. C. PARKER (Otherwise Known as KATIE PARKER), *Appellee.*

(88 P. 2d 1099)

Opinion filed April 8, 1939.

*R. F. Crick* and *M. C. Bucklin,* both of Pratt, for the appellant.
*William B. Hess,* of Pratt, for the appellee.

The opinion of the court was delivered by

THIELE, J.: On May 9, 1938, plaintiff commenced an action against a nonresident of this state to recover on a promissory note, and in connection therewith caused a garnishment summons to be served upon the executor of an estate in which the defendant had an interest and a writ of attachment to be levied against real estate forming a part of the assets of the estate, these proceedings being followed by service of summons upon the defendant by publication. The executor duly filed his answer, which disclosed he had in his custody, control and possession the real estate attached, and the sum of $325.12 in cash, and that he held all of the property under the last will of Kisarah Maynard, and for distribution thereunder. De-

fendant appeared specially and moved the trial court to discharge the attachments and garnishment for the reason the real estate was not subject to attachment and the moneys in the hands of the executor were not subject to garnishment. The defendant's motion was fully sustained, and the plaintiff appeals.

The only question is whether the defendant had any property in Kansas subject to attachment or garnishment. Such real or personal property as she may have had was what she received as legatee, devisee or beneficiary under the will of her mother, Kisarah Maynard, a resident of Pratt county, Kansas, who died May 22, 1935, and whose will was shortly thereafter duly admitted to probate. Under that will the defendant, Katie Parker, was given no specific real or personal property. The testatrix appointed her son, Charles A. Maynard, as executor, and it may here be noted he duly qualified, and that he is the person upon whom garnishment summons above mentioned was served. We are now concerned only with the eighth paragraph of the will, which devised and bequeathed the residue of the estate to the executor:

"To have and to hold for the following uses and purposes:

"For a period of three (3) years after the date of my death my said executor shall have, hold, manage and control said property and collect the rents, issues and profits therefrom and, after satisfying taxes and other necessary expenses incident thereto, shall divide the net income between my five children, Charles A. Maynard, Katie Parker, Bird Maynard, Chester Maynard and Gertrude Bold, share and share alike.

"At the end of said three-year period, I direct that my said executor shall convert said property into cash, and when so converted I direct that the same shall be divided in five (5) equal shares or parts, and I hereby give, devise and bequeath the same as follows: (One share to each child by name.)

"Or, if at that time any of my said children be dead, then that share or part that would have gone to said deceased child shall go and pass to the heirs of the body of such deceased child, and if he or she leaves no heirs of the body surviving, then said share or part shall go to his or her surviving brothers and sisters."

It will be noted that by the terms of the will no real estate is devised to the defendant Katie Parker. On the contrary, there is a specific devise to the executor for the uses and purposes stated in the will. The situation before us is not one where there is no devise to the executor or trustee who is given only a naked power to sell; here the title is vested in the executor in order that certain things be done in the management of the property for a definite term, following which he is under duty to convert the property into cash by selling

it, and to then divide the proceeds among the children, their bodily heirs, or their survivors. Although appellant did seek to attach the claimed interest of appellee in the real estate which her mother had owned, it clearly appears the real estate was devised to the executor, who was directed to sell it and divide the proceeds among certain beneficiaries to be determined as set out in the will. It also clearly appears that it was the intention of the testatrix to give to the beneficiaries shares of personal property, and not an interest in real estate, and that under *Hart-Parr Co. v. Chambers,* 116 Kan. 136, 225 Pac. 1076, the doctrine of equitable conversion should apply. And when it is applied here, it follows that the appellee had no interest in the real estate formerly owned by her mother which is now subject to attachment as property of the appellee. The trial court did not err in discharging the attachment.

Appellant insists, however, that if it be said appellee had no interest in the real estate, it must be conceded she had an interest in the proceeds and therefore the garnishment was good. Under the will the executor was not to sell the real estate until after a period of three years from the date of the death of the testatrix, or to couple the power with the fact he could not sell prior to May 22, 1938. The garnishment proceedings were instituted May 9, 1938, and at a time before the executor could perform, and at a time when it was not certain that appellee would take anything under the will by reason of her then being alive. No argument is predicated on whether the interest of the appellee in the residuary estate is vested or contingent, but even if contingent it is alienable and transferrable (*Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621; *Platt v. Woodland,* 121 Kan. 291, 246 Pac. 1017; *Knutson v. Hederstedt,* 125 Kan. 312, 264 Pac. 41). But that is not conclusive here.

The answer of the garnishee shows that the estate of Kisarah Maynard is not finally settled. Appellant argues that the remaining duties of the executor are more nearly those of a trustee than those of an executor, that the estate is solvent and there is no occasion or need for an order of distribution, and that under *Sherman v. Havens,* 94 Kan. 654, 146 Pac. 1030, the interest of appellee is subject to garnishment. In that case there was a gift of an annuity to a brother of the testator; it had been paid to him in quarterly payments over a period of time. The court held that under the circumstances of certainty of beneficiary, of amount of payment, of payment according to express directions of the will, of the solvency of

the estate, and that the payment would not jeopardize the rights of any creditor, garnishment proceedings were proper. That case was decided March 6, 1915. On May 22, 1915, chapter 217, Laws of 1915 (G. S. 1935, 22-904), took effect. Prior to its enactment the probate court, on final settlement, determined only who were *heirs* of the deceased. By the above act the probate court is required to determine who are the *heirs, devisees* or *legatees* of the deceased. Whatever interest or share appellee may get here will be because she is a legatee, or possibly because she is a beneficiary under a testamentary trust, but in either event her interest or share will not be known until there has been a sale, an accounting, and what must at least be equivalent to an order of distribution. There is no showing here that the executor has on hand any net income subject to division, undivided, and for which an order of distribution has been made, and there is no claim by appellant that his garnishment is good as to any such moneys in the hands of the executor. His claim rather is that a testamentary trust has been created and no order of distribution is necessary. There are perhaps two answers: First, in the absence of a closing of the estate, it might be said the executor continued to act as an executor and would perform as trustee only subsequent to the closing of the estate, and second, as trustee of a testamentary trust, his acts in handling the real estate, paying of taxes and incidental expenses, sale of the real estate and division of the net proceeds, are subject to the supervision and order of the probate court. (See *Citizens B. & L. Ass'n v. Knox,* 146 Kan. 734, 750, 74 P. 2d 161, 7 J. B. K. 36.)

The general rule is that an executor or administrator cannot be charged in garnishment until after a final settlement or order of distribution has been made. (See *Nelson v. Stull,* 65 Kan. 585, 68 Pac. 617; *McCarthy Hardware Co. v. Foust,* 118 Kan. 431, 235 Pac. 867; *Citizens State Bank v. Moore,* 121 Kan. 628, 249 Pac. 587; *Farmers State Bank v. Mitchell,* 143 Kan. 286, 291, 55 P. 2d 423.) Appellant concedes that if the rule of those cases applies, the trial court ruled correctly. He insists that the rule of *Sherman v. Havens,* supra, should be followed. The situation there presented is quite distinguishable from that now before us. At the time the present garnishment summons was served, there was no certainty of beneficiary, no certainty of amount due, no positive showing about payment of debts of the estate, nor any other showing that would war-

rant the trial court in not following the general rule that prior to settlement and order of distribution an executor may not be charged in garnishment.

The judgment of the trial court is affirmed.

ALLEN, J. (dissenting) : It is well settled that creditors may not meddle with an estate by garnishment proceedings after appointment of an administrator and before the probate court has released control by an order of final distribution (*McCarthy Hardware Co. v. Foust,* 118 Kan. 431, 235 Pac. 867; *Citizens State Bank v. Moore,* 121 Kan. 628, 249 Pac. 587). In *Sherman v. Havens,* 94 Kan. 654, 666, 146 Pac. 1030, the reason for the rule was stated:

"The rule exempting executors and administrators from garnishment process before the final order of distribution rests upon the assumption that it cannot be known until the estate is settled and the order made whether there will be any assets sufficient to pay debts and expenses of administration." (p. 666.)

The reason for the rule being absent, the rule failed, and the garnishment was sustained.

Under our statute G. S. 1935, 22-907, the executor must make final settlement of the estate within one year, unless the time for such settlement be extended for good cause by the probate court. This estate had been in process of administration for three years when this action was brought. Three claims were filed; two were paid, and the third appears to be barred. It is not claimed the estate is insolvent. Hence no valid reason has been suggested why the rule announced in *Sherman v. Havens,* supra, should not be applied.

The same person was acting as executor and trustee. Except paying the costs of the administration and entering a formal settlement, his duties as executor had ceased. He was in charge of the estate as trustee. (Restatement, Trusts, section 6.) No order of distribution under the trust was necessary. (*Sherman v. Havens,* supra.) Does the failure of a negligent or recalcitrant executor to make final settlement as commanded by the statute conclude the plaintiff and bar his right to impound the funds of this nonresident debtor?

The testator devised an undivided one-fifth interest in his estate to Katie Parker. The trustee was to hold, manage and control the property for a period of three years, and to divide the income among his five children. Payment of income spells ownership. (Note, L. R. A. 1915 C, p. 1036.) If any child died before the three-year

period the share of the child so dying was to go to persons specified. Hence, if any child survived the three-year period the interest of such child became absolute. Because the interest of Katie Parker was liable to be divested during the three-year period did not make her interest uncertain or contingent.

In *Markham v. Waterman*, 105 Kan. 93, 98, 181 Pac. 621, the court said:

"Whatever form or sort of property, or interest in property, a man owns in this state, may ordinarily be the subject of legitimate barter and sale, and unless it be exempt property the sheriff may sell it to pay his debts."

In *Poole v. French*, 71 Kan. 391, 401, 80 Pac. 997, the court said:

"It is evidently the policy of our statute to permit the appropriation of any valuable interest in nonexempt land which a debtor may have to the payment of his debts. So it is permitted to take by attachment and sell as upon execution any such interest, be the same legal or equitable. (Code, sec. 222; *Shanks v. Simon*, 57 Kan. 385.) There may be found difficulty in some cases in ascertaining what such interest is, its extent and value, but such difficulty does not abrogate the right or divert the policy."

The interest of Katie Parker is vested. (*McLaughlin v. Penney*, 65 Kan. 523, 70 Pac. 341; *Markham v. Waterman*, 105 Kan. 93, 181 Pac. 621; *Atchison v. Francis*, 182 Ia. 37, 165 N. W. 587.)

But whether vested or contingent, the converted property was subject to garnishment. (*Thompson v. Zurich State Bank*, 124 Kan. 425, 260 Pac. 658; *Koelliker v. Denkinger*, 148 Kan. 503, 83 P. 2d 703.)