In re Arleta Berniece BODEN, Debtor.

Christopher J. REDMOND,
Trustee, Plaintiff,

v.

Phillip W. HARDMAN, Executor of the
Estate of Edna F. Haines, Deceased,
and Bohm Grain, Inc., Defendants.

Bankruptcy No. 84–11207.
Adv. No. 84–0626.

United States Bankruptcy Court,
D. Kansas.

March 11, 1986.

J. Michael Morris, Sargent, Klenda, Haag & Mitchell, Wichita, Kan., for debtor.

Christopher J. Redmond, Wichita, Kan., trustee.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

This chapter 7 case is before the Court on the trustee's complaint for turnover of the debtor's inheritance from her mother's estate. The mother's estate has been closed, and the remaining funds, totaling $3,683.26, have been paid to the Clerk of the Bankruptcy Court. The executor of the estate has been dismissed as a party,

and the debtor has been discharged. The dispute lies only between the trustee and a garnishing creditor, Bohm Grain, Inc. Bohm Grain is represented by J. Michael Morris of Sargent, Klenda, Haag & Mitchell, Wichita, and the trustee is Christopher J. Redmond, of Redmond, Redmond, O'Brien & Nazar, Wichita.

## FINDINGS OF FACT

The facts have been stipulated to as follows:

1. Bohm Grain obtained judgment against the debtor by journal entry filed December 20, 1980 in Case No. 80 C 47, District Court of Osborne County, Kansas. Judgment was in the amount of $21,202.43 plus 12% interest and costs.

2. On November 14, 1983 the debtor remained liable on this judgment in the amount of $28,687.73.

3. On November 14, 1983 the debtor was serving as executrix under the will of her mother. The will had been admitted to probate on February 25, 1983, Case No. 83 P 8, District Court of Osborne County, Kansas. The debtor was the sole legatee and devisee under the will.

4. On November 14, 1983 the District Court of Osborne County, Kansas issued an order of garnishment in Case No. 80 C 47 directed to the debtor as executrix, for garnishment of any funds she held as executrix for payment to herself as legatee. The order of garnishment was served on the debtor on November 15, 1983.

5. On December 1, 1983 the debtor, as executrix, filed a handwritten, unsworn answer to the garnishment stating only that "approximately $10,000" remained in the estate, but expenses also remained to be paid. On December 9, 1983 Bohm filed an objection to the answer.

6. On January 12, 1984 the District Court of Osborne County, Kansas entered a journal entry in garnishment, finding the answer to be false. Debtor was ordered to pay into the court $28,687.73 to apply to the judgment. No money was ever paid into the court pursuant to this order.

7. By order filed July 12, 1984 in the District Court of Osborne County, Kansas, the debtor was removed as executrix and Philip Hardman was appointed executor.

8. On August 7, 1984 debtor's Petition in Bankruptcy was filed with this Court.

9. On September 6, 1984 the District Court of Osborne County, Kansas entered an order (a) denying a motion by the debtor, apparently filed prior to the bankruptcy, to set aside the garnishment, (b) denying a motion by Bohm for attorney fees against the debtor's probate counsel, and (c) ordering the executor to pay the remainder of the estate into the court pursuant to the January 12, 1984 order of garnishment.

10. No money was paid into the Osborne County Court pursuant to this order. Instead, the present adversary action was commenced by the trustee with Bohm and the executor, Mr. Hardman, being named defendants. Under prior order of this Court Mr. Hardman has now closed the estate and paid the remaining funds, $3,683.26, to the Clerk of the Bankruptcy Court. The executor has been dismissed as a party and the question before the Court is whether Bohm or the trustee is entitled to the funds.

## CONCLUSIONS OF LAW

The central issue is when Bohm Grain's garnishment lien attached. Both parties look to K.S.A. § 60–717(c) for resolution of this question. That statute should be read with the fact in mind that before it was enacted, Kansas case law held that an executor or administrator could not be charged in garnishment until after a final settlement or order of distribution had been made. *Paulin v. Parker*, 149 Kan. 673, 88 P.2d 1099 (1939). This rule was based on the assumption that it cannot be known until the estate is settled and the order made whether there will be any assets sufficient to pay debts and expenses of administration. *Sherman v. Havens*, 94 Kan. 654, 146 Pac. 1030 (1915).

Section 60–717(c) was enacted in 1963 and it replaced G.S. 60–943 (1949) which

dealt only with service of garnishee summons and was parallel to subsections (a) and (b) of the new statute, which deal with the form and service of orders of garnishment.

 Subsection (c) of the new statute has no parallel in the old statute. It describes the "effect" of an order of garnishment. Generally, such an order attaches all property and indebtedness owing from the garnishee to defendant (1) at the time of service, and (2) arising after service of the order but prior to the filing of the answer of the garnishee. When the garnishee is an executor or administrator of an estate, the statute provides that the garnishment lien arises and attaches upon service of the order, but the garnishing party must await distribution in order to know the *amount* of its lien as well as to receive payment. This reading is supported by the inclusion in the statute of the words "and the defendant is or *may become* a legatee or distributee" (emphasis added). The phrase "upon distribution of the estate" modifies "property or funds ... to which the defendant is entitled." It does not, as the trustee urges, indicate the time the garnishment shall attach.

The Court concludes that the provision in K.S.A. § 60–717(c) regarding an executor or administrator was intended to change the old rule set out in the case law, and to shift the time of attachment to the time of service of the order. This brings the rule relating to decedent's estates into line with other types of garnishments. It also recognizes the fact that the interest of an heir, although vested upon the death of the decedent, is subject to divestment by the intervention of costs of administration or other claims against the estate. See *In the Matter of the Estate of Williams*, 238 Kan. 651, Syl. ¶ 2, 714 P.2d 948 (1986). The primary purpose of the statute aside from advancing the time of attachment, appears to be to protect administrators and executors from liability to garnishing creditors. This is why they are prohibited from paying any funds to the legatee or distributee until so ordered by the court that issued the garnishment order.

 The garnishment of Bohm Grain attached at the time of the service of the order of garnishment on November 15, 1983. This was more than 90 days prior to the filing of the bankruptcy petition on August 7; therefore there was no preference voidable by the trustee. The creditor's lien is prior to the interest of the trustee and therefore the creditor is entitled to the funds now held by the clerk of the Bankruptcy Court.

The foregoing constitutes Findings of Fact and Conclusions of Law under Bankruptcy Rule 7052 and Rule 52(a) of the Federal Rules of Civil Procedure.