No. 33,920

John Koelliker, *Appellant,* v. Louisa Denkinger and Wesley Denkinger, Trustees Under the Last Will and Testament of Joseph Denkinger, Deceased, *Appellees;* Cora E. Koelliker and O. J. Koelliker (*Defendants*).

(83 P. 2d 703)

Opinion filed November 5, 1938.

*Roy V. Nelson,* of Hiawatha, for the appellant.
*Walker F. Means,* of Hiawatha, for the appellees.

The opinion of the court was delivered by

Allen, J.: On February 14, 1935, the plaintiff brought suit in the district court of Brown county against defendants upon two promissory notes. The defendant, Cora E. Koelliker, as devisee under the will of her father, Joseph Denkinger, owned an undivided interest in 160 acres of land in Brown county, and 160 acres of land in Doniphan county. On the same day the suit was filed plaintiff filed an attachment affidavit alleging that defendant Cora E. Koelliker was a nonresident of the state. Pursuant to the affidavit a writ of attachment was issued to the sheriff of Brown county, which was executed by the sheriff by levying on an undivided one-twelfth interest of defendants in the Brown county land. Shortly thereafter a writ of attachment was issued to the sheriff of Doniphan county and was executed by levying on an undivided one-twelfth interest of defendants in the Doniphan county land.

Personal service of summons was obtained on defendant O. J. Koelliker, and service by publication on defendant Cora E. Koelliker. A garnishment summons was issued and served on Louisa Denkinger and Wesley S. Denkinger, trustees under the will of Joseph Denkinger. The garnishees filed answer in which it was stated that they were in no manner indebted to the defendants Cora E. and J. A. Koelliker. Thereafter the trustees under the will of Joseph Denkinger obtained leave to intervene, and filed their answer as intervenors.

Judgment was rendered for the plaintiff upon the promissory notes. On the issues raised by the answer of the interpleaders as to the attachments and garnishment, the court found the defendants had no attachable interests in the lands in Brown and Doniphan counties and adjudged that the attachments be dissolved, and that the garnishees be discharged. From this judgment the plaintiff has appealed.

No question is raised as to the regularity of the attachment and garnishment proceedings. By these proceedings the nonresident had notice her property was in jeopardy; the service by publication gave her notice of the suit. (*Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565.)

Appellant specifies as error the judgment of the trial court in dissolving the attachments and in discharging the garnishment. He contends that under the will of Joseph Denkinger the defendant Cora E. Koelliker acquired a vested remainder in the lands described. He further asserts that whether the interest of Cora was a vested or a contingent remainder, it was subject to attachment and sale under execution to satisfy the claim of the plaintiff.

Counsel for the appellees, trustees under the will of Joseph Denkinger, contend:

"1. Cora Koelliker takes a contingent remainder in the Brown county land. 2. If the will results in an equitable conversion as to the Doniphan county land, Cora Koelliker now has no interest in the land itself, but only an equitable contingent right to receive a share of the proceeds when the land is sold. 3. If the will does not result in an equitable conversion as to the Doniphan county land, Cora Koelliker has a contingent remainder in that land. 4. The contingent interests of Cora Koelliker in the lands involved are not attachable. 5. The garnishees' answer in this case was properly found by the court to be true and the garnishees were properly discharged."

These contentions call for an examination of the will of Joseph Denkinger.

The testator bequeathed his household goods and the sum of $4,500 out of his personal property to his wife, Louisa Denkinger. The will further provided:

"All of the residue of my estate, of every kind, nature, and description, I will, devise and bequeath to the aforesaid Louisa Denkinger and Wesley S. Denkinger, as trustees, for the following purposes, viz.: to manage, control, and otherwise handle the farm land, to rent the same as they deem best, either to themselves or to anyone else, to keep the taxes well paid on the land, to keep the improvements in good repair and well insured and from the net income from such property a division shall be made each year, if possible, one half to go to my wife, Louisa Denkinger, and one half to be divided equally among my six children, i. e., Hattie Wickstrom, Cora Koelliker, Laura Denkinger, Sadie Lewis, Wesley S. Denkinger and Albert Denkinger, except that the blood heirs of any deceased child of mine shall receive the share that would have gone to such deceased child. It is my will that the above-named trustees sell the northwest quarter of section twenty (20), township (2), range nineteen (19), in Doniphan county, Kansas, whenever they can get a reasonable price for such land, and said trustees are hereby invested with full power to sell and convey by deed the land last above described, the proceeds from such sale to be divided equally among my five [six] children above mentioned, the blood heirs of any deceased child of mine to receive the share that would have gone to such deceased child.

"It is my will that my son, Wesley S. Denkinger, remain on and farm the home place in Brown county, if he desires to do so.

"At the death of my wife, Louisa Denkinger, this trust shall terminate and cease and the residue or remainder of my estate is to be divided equally among my six children above mentioned, except that the blood heirs of any deceased child of mine shall receive the share that would go to such deceased child of mine if living."

Appellees contend that under the doctrine of equitable conversion the Doniphan county land must be considered as personal property in the hands of the trustees, and that Cora Koelliker has no interest in the land, but only an equitable right to receive a share of the proceeds when the land is sold. In 3 Pomeroy's Equity Jurisprudence, section 1160, it is stated:

"The whole scope and meaning of the fundamental principle underlying the doctrine are involved in the existence of a *duty* resting upon the trustees or other parties to do the specified act; for unless the equitable *ought* exists, there is no room for the operation of the maxim, 'Equity regards that as done which ought to be done.' The rule is therefore firmly settled that in order to work a conversion *while the property is yet actually unchanged* in form, there must be a clear and imperative direction in the will, deed, or settlement, or a clear imperative agreement in the contract, to convert the property—that is, to sell the land for money, or to lay out the money in the purchase of land. If the act of converting—that is, the act itself of selling the land or of laying out

the money in land—is left to the option, discretion, or choice of the trustees or other parties, then no equitable conversion will take place, because no *duty* to make the change rests upon them."

Equity regards that as done which ought to be done, and where the testator directs that land be sold and turned into money, or that money be invested in land, equity considers such land or money as that species of property into which it is directed to be converted. But the question of conversion is a question of intention, and the real question is, Did the testator intend his lands to be converted into money at all events before distribution? Was the duty imposed upon the trustees to convey? In the fourth paragraph of the will the trustees are authorized to sell "whenever they can get a reasonable price for such land." It is thus left in a large measure to the discretion of the trustees to determine when, if ever, the land is to be sold. We hold that the language of the will does not direct a conversion. This view is in accordance with recent rulings of this court where the authorities are reviewed. (*Anderson v. Wise,* 144 Kan. 612, 62 P. 2d 825; *Schneider v. Schneider,* 135 Kan. 734, 12 P. 2d 834.)

Was the interest of Cora Koelliker, under the will, a vested remainder, or was it subject to a condition precedent?

It will be noticed that the only gift to the children was in the direction to divide the property among them at a future time—at the death of the life tenant. Under the rule, usually referred to as the "divide and pay over" rule, the remainder to the children might be held contingent. The leading American case, perhaps, is *Matter of Crane,* 164 N. Y. 71, 58 N. E. 47. In that case the court stated:

"Two well-known rules of construction are applicable to this provision: *First.* Where the only words of gift are found in the direction to divide or pay at a future time the gift is future, not immediate; contingent and not vested. (*Matter of Baer,* 147 N. Y. 348, 354; *Delafield v. Shipman,* 103 N. Y. 464; *Delaney v. McCormack,* 88 N. Y. 174, 183.) *Second.* Where the gift is of money and the direction to convert the estate is absolute, the legacy given to a class of persons vests in those who answer the description and are capable of taking at the time of the distribution. (*Teed v. Morton,* 60 N. Y. 506; *Matter of Baer, supra,* 353; *Smith v. Edwards,* 88 N. Y. 92.) In the latter case Judge Finch said: 'It has been often held, that if futurity is annexed to the substance of the gift, the vesting is suspended; . . . that where the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift.'" (p. 76.)

In jurisdictions where the rule has been applied, exceptions have been made when the division and payment have been postponed

merely to let in a prior life estate, or where the postponement appears to be solely for the convenience of the estate. As the shadow of the exceptions gradually eclipsed the rule itself, the Restatement of Property, Tentative Draft, section 260, repudiates the rule. In many Kansas cases where the rule was applicable it has not been invoked. (Compare, *Markham v. Waterman*, 105 Kan. 93, 181 Pac. 621; *Anderson v. Wise*, 144 Kan. 612, 62 P. 2d 825.) Hence it seems safe to assert that section 260 of the Restatement of Property (Tentative Draft No. 9) is in harmony with the law of this state. That section provides:

"Sec. 260. *Direction to Divide and Pay Over at a Future Date.* In a limitation purporting to create a remainder or an executory interest, the fact that the only words of gift to the intended taker thereof consists of a direction to divide and pay over, or to convert, divide and pay over at the end of the created prior interests or at some other future date, is an immaterial factor in determining the existence of a requirement of survival to the date of distribution."

It cannot be said the remainder in the children specified in the will is subject to a condition precedent.

Was the remainder indefeasibly vested? The persons to take are named; they are presently identifiable. They are not described as persons who must be living at the termination of the life estate. The remainder is therefore vested absolutely unless made defeasible by the clause "except that the blood heirs of any deceased child of mine shall receive the share that would go to such deceased child of mine if living." The children are sure to die. As the testator refers to the death of a child as a contingent event, to give sense to the clause death must be hooked up with some other event.

If land be devised to B and his heirs, but if he shall die, then to C and his heirs, "die" means if B shall die before the testator. If B dies before the testator, C takes; if B survives the testator he takes a fee simple absolute, and C is out. (*Hodges v. Lanyon*, 108 Kan. 407, 195 Pac. 882.)

But suppose land be devised to B for life, remainder to C and his heirs, but if C dies, then to D and his heirs. Here, also, death is spoken of as an event that may or may not occur. It may refer to death before the testator. If so construed, then should C survive the testator he would take a fee simple absolute. But if construed to mean that if C should die before the life tenant B, then if C is alive at the death of the testator he would take a fee simple defeasible. This is the majority rule, as shown by the Restatement of Property:

"Sec. 264. *Conveyance 'to B for life, remainder to C and his heirs, but if C dies, then to D.'* When property is limited by an otherwise effective conveyance 'to B for life, remainder to C and his heirs, but if C dies then to D,' or by other words of similar import, then, unless a contrary intent of the testator is found, the interest of D can become a present interest if, but only if, C is dead at the time of the termination of the interest of B in accordance with the terms of the limitation.

"*Illustration:* 1. A, owning Blackacre in fee simple absolute, makes an otherwise effective devise of Blackacre 'to my wife B for life, and then to my daughters C and D absolutely, and in case of the death of either C or D, the share of the one so dying to her children.' At A's death C and D were both alive. C predeceased B, leaving children E and F and a will which made an otherwise effective devise of C's interest in Blackacre to G. B dies. D has an indefeasible estate in fee simple in an undivided half of Blackacre and E and F have a like interest in the other undivided half of Blackacre. G has no interest in Blackacre."

It is clear Cora E. Koelliker, under the will of her father, takes a vested remainder. Her interest is a fee simple defeasible. If she dies before the life tenant her interest will go to her blood heirs; if she is alive at the death of the life tenant her defeasible estate would become indefeasible—a fee simple absolute.

While we hold the interest of Cora Koelliker is vested, defeasible in the manner stated, it may be well to observe that under the settled law of this state contingent interests are alienable and transferable. (*Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621; *Platt v. Woodland,* 121 Kan. 291, 246 Pac. 1017; *Knutson v. Hederstedt,* 125 Kan. 312, 264 Pac. 41.)

We have also held that under our statute G. S. 1935, 60-3403 and 77-201, *eighth,* any property which is subject to voluntary alienation may be sold on execution on demand of a judgment creditor. (*Thompson v. Zurich State Bank,* 124 Kan. 425, 260 Pac. 658.)

However, the general rule that any interest in property, vested or contingent, is subject to seizure and sale on execution, is subject to exceptions—property exempt from execution by statute, spendthrift trusts, etc. While these exceptions are not before us at this time, we have a statute which affects the right of the defendant to transfer her interest in the rents and profits under the trust.

Our statute G. S. 1935, 67-404, provides:

"No person beneficially interested in a trust for the receipts of the rents and profits of lands can dispose of such interest unless the right to make disposition thereof is conferred by the instrument creating such trust; but the interest of every person for whose benefit a trust for the payment of a sum in gross is created is assignable."

The origin and history of this statute is given by Professor Griswold in his excellent work on Spendthrift Trusts, sections 62, 63, *et seq.* The original statute was a part of the statute on "Uses and Trusts" enacted by the legislature in New York in 1828. The Kansas statute was passed in 1868 (Gen. Stat. 1868, ch. 114, sec. 4.), and is almost identical with a statute passed in Indiana in 1852.

Under this statute the beneficiary of a trust for the receipt of the rents and profits of lands cannot dispose of such interest unless authorized by the instrument creating the trust. Any assignment or transfer by Cora E. Koelliker of any interest she may have in the rents and profits of the land would be void.

But it does not follow that because the defendant cannot make a voluntary disposition of her interest in such rents and profits, her interest therein cannot be impounded by the garnishment proceedings and be subjected to the claims of her creditors. At common law the interest of a beneficiary in a trust in lands was not liable to seizure or sale under execution. (23 C. J. 342.) As stated above, under our statute G. S. 1935, 60-3403 and 77-201, *eighth,* as construed by this court in *Thompson v. Zurich State Bank,* supra, any interest, legal or equitable, may be levied upon and sold under execution. While the interest of the defendant in the rents and profits under the statute G. S. 1935, 67-404, is not assignable and transferable by her, nevertheless it is subject to the payment of her debts.

Perhaps it should be noted that if the interest of the defendant Cora E. Koelliker is sold under execution the purchaser acquires no greater interest than Cora E. Koelliker had before the sale. As her interest is vested subject to defeasance by her death before the life tenant, or sale by the trustees under the power, the interest acquired by the purchaser is subject to the same infirmities; should she outlive the life tenant the purchaser would take a fee simple absolute.

For the reasons stated, the judgment of the court in dissolving the attachment and discharging the garnishees is erroneous.

The judgment is reversed.

HARVEY, J. (concurring in part): I agree that there is nothing in the will which at this time has effected a conversion of any of the real property into personalty. Perhaps that would result with respect to the Doniphan county land if the trustees should sell it within

the lifetime of the widow; but no such sale has been made, and that question may never arise. I agree, also, that the rulings of the trial court setting aside the attachment and garnishment orders should be reversed. This, for the reason that any title or interest Cora E. Koelliker has in the real property in question, whether vested or contingent, is subject to execution and sale for the payment of her debts, and properly may be reached by attachment; and whatever interest she has in the personal property in the hands of the trustees may be reached by garnishment.

In my judgment, this is not an appropriate proceeding in which to determine the specific share or interest of Cora E. Koelliker in this property, or its value. Neither do I think it is possible to determine those matters in this proceeding, because of the lack of necessary parties, and because issues affecting such questions have not been raised by the pleadings. Therefore, I decline to express a view, or to concur in any view expressed, on these questions.