No. 36,471

IDA MAY HULL, *Appellant*, v. DONALD PRATHER and EVA PRATHER, His Wife, MRS. WALTER PRATHER, A. C. LILLY and DOLLY LILLY, His Wife, *Appellees*.

(167 P. 2d 600)

Opinion filed April 6, 1946.

*Kenneth K. Cox,* of Wichita, argued the cause, and *Lew E. Clogston,* of Wichita, was on the briefs for the appellant.

*Carl C. Chase,* of Eureka, argued the cause for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action in forcible detainer brought in the county court of Greenwood county and which reached the district court by appeal, where, after a hearing, the court rendered judgment for defendants. Plaintiff has appealed.

In her complaint, filed March 26, 1945, plaintiff alleged she was the owner of a described quarter section of land in Greenwood county; that she became such owner May 31, 1944; that since such date defendants have been in peaceable possession of such property by sufferance; that on January 25, 1945, she made written demand upon defendants for the immediate possession of the property, and on March 8, 1945, notified defendants to vacate the property, for the possession of which an action was about to be brought, and prayed for restitution of the property. The defendants were the widow and children of W. G. Prather.

Defendants filed answers in which they denied plaintiff's right to possession of the property and alleged that on July 9, 1940, plaintiff and her husband, P. L. Hull, executed a written lease for the farm, a copy of which was attached, to W. G. Prather for one year ending March 1, 1942, with an option to extend the same from year to year for five years from that date; that W. G. Prather went into possession of the property and each year exercised his option to extend the lease; that W. G. Prather died intestate March 22, 1943; that in a proceeding brought in the probate court therefor the court assigned all the real and personal property of W. G. Prather to his heirs, and that on May 4, 1944, the children of W. G. Prather assigned all of the personal property to his widow, Mrs. W. G. Prather, who became the sole owner of the leasehold estate; that the defendant Donald Prather, a son, was farming the place for his mother, Mrs. W. G. Prather, and that defendants had informed plaintiff they would continue the lease contract until the expiration of its term; and further alleged that plaintiff had at all times recognized the contract and accepted benefits therefrom and was therefore estopped from denying the contract or claiming immediate possession of the property.

To these answers plaintiff filed a reply which consisted of a general denial.

The pertinent findings of the trial court may be summarized as follows: P. E. Hull died May 10, 1912, leaving a will, which was duly probated, in which he devised an undivided one-half interest in the real property in controversy (and other land) to his son, P. L. Hull, for life, and if he died leaving a widow and children the widow should have a life estate in one-half of the real estate devised to P. L. Hull and the remaining one-half to go to the children of P. L. Hull; that P. L. Hull died May 31, 1944, and

left surviving his widow, Ida May Hull, the plaintiff herein, and two children; that under the terms of the will of P. E. Hull the plaintiff, Ida May Hull, has a life estate in an undivided one-fourth interest in the land in controversy and the two children are the owners of an undivided one-fourth thereof; that the ownership of the remaining one-half interest in the property was not disclosed by the evidence; that while the plaintiff alleged she was the owner of the real estate in controversy she testified that she claimed to have a life estate therein. The court further found that on July 9, 1940, P. L. Hull and his wife, Ida May Hull, entered into a written real estate lease to the property here involved to W. G. Prather for a term of one year from March 1, 1941, with the option of leasing the same for five years upon the giving of notice to exercise the option each year; that the manner of giving notice of the exercise of the option was not provided for in the lease but that in fact the notice has been given orally from year to year; that W. G. Prather and his family exercised their option and continued to live on the land under the terms of the lease from year to year since its execution, and that all rents have been paid; that W. G. Prather died March 22, 1943, and that his widow and son, who are defendants herein, continued to and still reside upon the real estate here involved; that after the death of W. G. Prather proceedings were had in the probate court as alleged in the answer. The court made further findings pertaining to letters written by plaintiff to defendants which did not correspond with the allegations of plaintiff's complaint, and also of conversations between them in which defendants advised plaintiff they were exercising the option provided for in the lease to remain on the real estate involved.

In its conclusions of law the court held that the plaintiff, Ida May Hull, is the owner of a life estate in an undivided one-fourth interest in the real estate involved; that all rights, liabilities and privileges under the lease executed by P. L. Hull and Ida May Hull to W. G. Prather are binding and in full force and effect upon Ida May Hull and the heirs at law of W. G. Prather; that the notices served by plaintiff to defendants were not served in accordance with law and were of no effect; that the defendants are occupying the real estate by exercising their option under the lease and are not tenants at sufferance or at will, insofar as concerns the plaintiff. Plaintiff filed a motion for a new trial, which was duly considered and overruled, and she has appealed.

No point is made on the appeal about fractional interests in the property, and no persons are parties to this suit who claim an interest in the property other than the plaintiff, Ida May Hull, and the defendants who are the heirs at law of W. G. Prather. The correctness of the trial court's conclusions, that the notices to terminate the lease alleged by plaintiff to have been given were without effect, is not questioned on this appeal, hence the correctness of that ruling is not before us.

In this court counsel for appellant present the question for our consideration as follows:

"Plaintiff claims that lease ceased on the death of Pete [P. L.] Hull, the life tenant, on May 31, 1944."

Plaintiff argues that Ida May Hull did not take her life estate by inheritance, or in any other manner through her husband, P. L. Hull; neither did she acquire any title by virtue of his right of possession; that his estate was abruptly cut off at his death; that plaintiff acquired her life estate through the will of her husband's father, P. E. Hull, which expressly defined the estate which should come into existence on the death of his son, P. L. Hull.

In support of this argument counsel cite and rely heavily upon the case of *Menard v. Campbell*, 180 Mich. 583, 147 N. W. 556, Ann. Cas. 1916A 802. In that case the testator had devised a life estate to his son in certain real property and provided that at the death of the son the property should go to the son's heirs at law. The son and his wife executed a general warranty deed to the property. After the son's death, leaving surviving him a widow and one child, the widow and child claimed to own the property. After examining the common law and several statutes of that state the court sustained that view and held:

"Since a married woman is not held liable on her covenants in a deed executed by herself and husband, in the absence of statutory provisions creating such liability, the wife was not estopped by a joint deed of conveyance with full warranties executed by herself and husband, so as to cut off the estate thereafter vesting in her under the will of the testatrix, and without testimony tending to disclose her purpose in joining in the conveyance, or that the consideration was paid to her, the signature of the wife was a nullity." (Syl. ¶ 5.)

We have no reason to question the soundness of that decision under the rules of law and statutes relied upon by the court. We think it sufficient to say that under our statutes and decisions the same result could not be reached. (See G. S. 1935, 67-207 and cases there annotated.) It was argued on appellant's behalf that she had no

vested interest in the property prior to the death of her husband. She was the wife of P. L. Hull and upon his death she was entitled to the use of the property for her lifetime by reason of the will of her husband's father. We shall not labor the question as to whether that was a vested or contingent interest. We content ourselves by holding that it was an interest in the property. Under our statutes and decisions it was an interest in land (G. S. 1935, 77-201, eighth clause), which she might have conveyed (G. S. 1935, 67-205), or mortgaged (*McCartney v. Robbins,* 114 Kan. 141, 146, 217 Pac. 311), or which would have been subject to execution (G. S. 1935, 60-3403; *Thompson v. Zurick State Bank,* 124 Kan. 425, 428, 260 Pac. 658). Many others of our cases might be cited in support of these views. She did bargain concerning it when she executed the lease in question. We can see a different situation if P. L. Hull alone had signed the lease, but this lease contract was her contract as well as the contract of her husband. The trial court correctly held that she could not rightfully treat it as a nullity.

We find no error in the record. The judgment of the court below is affirmed.