No. 47,265

MARLENE LOU WOOLUMS, *Appellant,* v. CECILY ANN WALKER SIMONSEN, et al, *Appellees.*

(522 P. 2d 1321)

Opinion filed May 11, 1974.

*John Callahan,* of Wichita, argued the cause, and was on the brief for the appellant.

*Richard W. Holmes,* of Holmes, Darrah and Mellor, of Wichita, argued the cause, and *Tyrus C. Kaufman,* of the same firm, was with him on the brief for the appellees.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from an order of the trial court dismissing the plaintiff's action on the ground that it was filed prematurely.

T. O. Tanton, a resident of the State of Illinois, died testate on the 15th day of May, 1914, leaving a last will and testament dated April 22, 1911, and a codicil thereto dated May 3, 1911. T. O. Tanton had been a longtime resident of the State of Illinois and was a resident of Illinois at the time of the execution of his will and codicil and at the time of his death. He was never a resident of the State of Kansas. His will and codicil were duly admitted to probate in the Probate Court of Sedgwick County, Kansas, because it affected a considerable amount of real property in the State of Kansas owned by the decedent. Paragraph 6th of the last will and testament of the decedent, T. O. Tanton, provides:

"6th. I give and devise to my grand-daughter Elizabeth Ruth Wilson for life the following described land in Sedgwick County, viz:

"The Southeast Quarter of Section Twenty-nine and the Northeast Quarter of Section Thirty-two all in Town Twenty-seven Range Two West, The Northeast Quarter of Section Twenty-five, The East Half of the Southwest Quarter of Section Thirty-six and the West Half or the Southeast Quarter of said Section Thirty-six all in Town Twenty-seven Range Three West, the Northwest Quarter of Section Six and the Southwest Quarter of Section Twenty-one and the West Half of the Southeast Quarter of Said section twenty-one all in Town Twenty-eight Range Two West, the Northeast Quarter of Section One and the Southeast Quarter of said Section Twelve in Town Twenty-eight, Range Three West, all of said land being in Sedgwick County, in the State of Kansas, *to have and to hold the same for and during her natural life and at her death to pass to her children in equal shares, and if any child, of hers is then 'dead the descendants of such child to take the share such deceased child of hers would have taken if then alive.* In case she, said Elizabeth Ruth Wilson shall die leaving no children or descendants of children surviving her, then said

real estate devised to her shall pass and go to my children, Edna Bally, John O. Tanton, Edith Tanton and Thomas Otto Tanton in equal parts and if any one of them is then dead, the share of such deceased one shall go to the lineal descendants of deceased one, but if such deceased one leaves no lineal descendants then the share such deceased one would have taken if alive, shall go to the remaining of said four children of mine, or their descendants." (Emphasis added.)

The plaintiff, Marlene Lou Woolums (appellant), in her petition alleged she is the adopted daughter of Elizabeth Ruth Wilson, now Elizabeth Ruth Axe, the granddaughter of T. O. Tanton named in the will of T. O. Tanton. She further alleged that she has two children, namely Robert Michael Fitch, an adult, and Albert Bell Woolums, III, a minor. The plaintiff alleged her remainder interest to be contingent upon her surviving Elizabeth Ruth Axe, her mother, and that if she did not survive her mother then such remainder interest would pass to her children, Robert Michael Fitch, Albert Bell Woolums, III and any future child of plaintiff.

The plaintiff further alleged that she and her said two children have a saleable interest in the above described real estate and desire to effect a sale, but that "they have been prevented from making such sale because of a cloud on title to said real estate caused by claims of ownership, contingent and otherwise, by the defendants" who are the lineal descendants of T. O. Tanton deceased, some of whom have asserted plaintiff can never take as a remainderman."

The plaintiff further alleged that she is the primary source of support for her parents, Elizabeth Ruth Axe and M. P. Axe, both 73 years of age, who are without funds, and the only means available to enable the plaintiff to discharge her moral obligations is to sell her remainder interest in the above described property.

The plaintiff alleged a previous action by Elizabeth Ruth Axe against those persons having contingent remainders in the above described real property, being case No. A-52177 in the District Court of Sedgwick County, Kansas, brought for the purpose of the appointment of a trustee to lease the contingent remainder interests for oil and gas. In that proceeding, she alleged, the issue was raised as to whether the plaintiff would be prevented, by virtue of her being an adopted daughter of Elizabeth Ruth Axe, from succeeding to the ownership of the above described real property upon the death of Elizabeth Ruth Axe. The petition recites a portion of the court's decree in case No. A-52177, indicating that the court considered it neither necessary nor wise to determine the interest of

the plaintiff in the above described real estate at that time.

The plaintiff then alleged: . . . [T]hat nothing in said Case A-52177 prohibits her from obtaining the judicial relief prayed for in this petition.

"10. That plaintiff is entitled to have the Court construe said will and decree that she has a present remainder interest in said real estate and will take as a child of said Elizabeth Ruth Axe under the terms of said will provided she survives her and if she predeceases said Elizabeth Ruth Axe, then in such event under the terms of said will the children of plaintiff will take as remaindermen. That plaintiff is entitled to have title to her remainder interest in said real estate quieted as against all defendants.

"11. This action has all the prerequisites of a class action as set forth in K. S. A. 1972 Supp. 60-223.

"WHEREFORE, plaintiff prays for judgment and decree that she has a remainder interest as aforesaid in and to the above-mentioned tracts of real property under the last Will and Testament of T. O. Tanton, deceased, and that her title to said remainder interests be quieted as against all defendants. Plaintiff further prays judgment for her costs and for such other and further relief as to the Court may seem just and equitable."

The defendants answered denying all allegations of fact in the plaintiff's petition except allegations with reference to the named defendants and their relationship to T. O. Tanton, deceased.

Thereafter the defendants filed a motion for judgment on the pleadings:

". . . [F]or the reason that the plaintiff's petition filed herein fails to state any cause of action against the defendants or any of them. In support of said motion, defendants state that plaintiff's petition herein shows affirmatively that plaintiff's cause of action is premature and non-existent at the present time, in that plaintiff's interest in said property, if any, which interest is denied by the defendants, is purely a contingent remainder which may never come into existence and that said petition seeks to have the Court make a determination which may never be operative and which may never be required."

The trial court after hearing the motion dismissed the action on the ground that it "is premature in that there is no issue to be determined by the Court at this time."

Counsel for the defendants below challenged the sufficiency of the plaintiff's petition under K. S. A. 1973 Supp. 60-212 ($b$) (6) on the ground that it failed to state a claim upon which relief can be granted. Under the foregoing statute the defendants had the option to raise such defense by motion. Here the defendants filed an answer on the 21st day of June, 1973, without joining such defense in their answer, and thereafter, on the 12th day of July, 1973, filed their motion. Under K. S. A. 1973 Supp. 60-212 ($h$) (2) the fore-

going defense may be asserted on a motion for judgment on the pleadings after a responsive pleading is filed by the defendant. (See, K. S. A. 1973 Supp. 60-212 [c].) We shall proceed to consider the sufficiency of the plaintiff's petition to state a claim upon which relief can be granted.

When a motion to dismiss under 60-212 (b) (6), *supra*, raises an issue concerning the legal sufficiency of a claim for relief, the question must be decided from the well pleaded facts of the plaintiff's petition. The motion in such case must be treated as the modern equivalent of a demurrer. Disputed issues of fact cannot be resolved or determined on a motion to dismiss such as this, and the question for determination is whether in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid claim for relief. Dismissal is justified only when the allegations of the petition clearly demonstrate that the plaintiff does not have a claim. (*Weil & Associates v. Urban Renewal Agency*, 206 Kan. 405, 479 P. 2d 875.)

Under these circumstances it must be assumed that the plaintiff is the adopted daughter of Elizabeth Ruth Axe, nee Wilson, who is in possession of the real estate above described as a life tenant, and that all other facts alleged in the petition above recited are true.

Basically the appellant (plaintiff below) is seeking a construction of the will of T. O. Tanton, deceased, as to future interests only. There is no dispute as to the extent or nature of the present interest held by Elizabeth Ruth Axe, nee Wilson. She is the granddaughter of T. O. Tanton and has only a life estate without any power to dispose of the remainder. She has no right, title or interest in the devised real estate after her death.

The appellees take the position that the appellant cannot succeed to the remainder interest because she was an adopted child, and upon the death of the life tenant the appellees take title to the land in question under the provisions of the will.

The appellees also contend the construction of paragraph 6th of the will of T. O. Tanton, deceased, would be a construction having no bearing upon the present interest, but would relate only as to who may or may not succeed to the future interest after the death of the life tenant. It is the appellees' position that the decision in this case does not depend upon a present right, but upon contingent future events, and under these circumstances the decision may never be necessary. The appellees concede they can find no Kansas

case on all fours to support their position that a court will not construe a will or deed to determine future interests only.

Cases upon which the appellees rely are *Miller v. Stoppel*, 172 Kan. 391, 241 P. 2d 488 (a quiet title action brought by a church in possession holding the fee title subject to a reversion, if the land ceased to be used for public worship, where the dispute developed between defendants as to which line of grantees under certain deeds would take the reversion); *In re Estate of Casey*, 156 Kan. 590, 134 P. 2d 665 (involving the construction of a will and determination of homestead rights acquired by the widow as sole devisee, where the court was asked to declare the future status of a creditor's claim as against the homestead in the event there was subsequent abandonment of the homestead); and *Boeing Airplane Co. v. Board of County Comm'rs.*, 164 Kan. 149, 188 P. 2d 429 (a declaratory judgment action involving tax liability under state statute, where a declaration of rights was sought based upon future and uncertain events).

By her petition the appellant asks the court to remove a cloud cast upon her remainder interest by the appellees. The appellant does not seek to cut off the contingent interests of the appellees or to have her remainder interest fully vested by the court decree. What she seeks is a construction of the will of the decedent with respect to paragraph 6th of the will as set forth in her petition.

Under K. S. A. 60-1002 (*a*) an action may be brought by any person claiming title or interest in personal or real property against any person who claims an estate or interest therein adverse to him, for the purpose of determining such adverse claim.

While the petition of the plaintiff purports to be a quiet title action, it also has the earmarks of a declaratory judgment action.

Declaratory judgment actions are covered in the new Code of Civil Procedure in K. S. A. 60-1701 which reads:

"In cases of actual controversy, courts of record within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceedings shall be open to objection on the ground that a judgment or order merely declaratory of right is the only relief requested. Controversies involving the validity or interpretation of deeds, wills, or other instruments of writing, express trusts, statutes, municipal ordinances, and other government regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right."

Assuming the allegations of the appellant's petition to be true,

as we must, it alleges a controversy involving the interpretation of a will, which the foregoing statute provides may be determined in a court of record having jurisdiction over the matter.

The position taken by various courts in declaratory judgment actions seeking to have a future interest determined is discussed in 22 Am. Jur. 2d, Declaratory Judgments, § 50 as follows:

"The basic principle that the courts will not declare the rights of parties upon a state of facts which has not arisen, nor upon a matter which is future, contingent, and uncertain, unless a present right depends upon the decision or there are other special circumstances which make it desirable at once to decide on the future rights, is generally recognized in cases involving the question of such relief in connection with future interest. . . . (p. 907.)

Further discussion is found in 22 Am. Jur. 2d, Declaratory Judgments, § 18 as follows:

"Since the courts have no jurisdiction to deal with hypothetical and speculative questions, and since they may not render declaratory judgments where the parties merely fear or apprehend that a controversy may arise in the future, the courts generally will not declare the rights of parties upon a state of facts which has not arisen and may never arise. Accordingly, the courts will not render a declaratory judgment as to future rights, nor will they attempt to decide or declare the rights or status of parties upon a state of facts which is contingent or uncertain, *unless the settlement of present rights entails the settlement of such future or contingent rights, or unless a present determination of future or contingent rights serves a practical need of the parties for guidance in their future conduct.*" (Emphasis added.) (p. 861.)

Borchard Declaratory Judgments, 2d Ed. page 56 states:

"When are the facts sufficiently developed to admit of a conclusive adjudication, and when are they so contingent and uncertain as to justify a refusal to decide? Again, no *a priori* answer is possible. The only safe guide is an analysis of the precedents in which declaratory judgments have been granted and declined. In general, it may be said that the facts on which a legal decision is demanded must have accrued, for the principle of a declaratory judgment is that it declares the existing law on an existing state of facts. The danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events—although it may involve future benefits or disadvantages—and the prejudice to his position must be actual and genuine and not merely possible or remote. When the complaint on these tests is considered premature, the dismissal may be explained by any one of a series of labels, *e. g.*, that there is as yet no 'controversy,' that the issue is hypothetical, that the result would be only an advisory opinion, etc."

An extended annotation entitled "Declaratory or advisory relief respecting future interest" is found in 174 A. L. R. 880. At page 882 of the above annotation the general rule as to when courts will declare future rights is stated as follows:

"As a general rule the courts will not give a construction to or declare the rights of parties upon a state of facts which has not arisen, nor upon a matter which is future, contingent, and uncertain, *unless a present right depends upon the decision or there are other special circumstances to satisfy the court that it is desirable at once to decide on the future rights.* . . ." (Emphasis added.)

The above annotation after citing and considering numerous cases finally concludes:

"It is apparent from an examination of all the cases that, in the final analysis, whether the court will make a determination or declaration of future interests depends upon the facts and circumstances of the individual case. Where the circumstances are such as to indicate a real necessity for a present adjudication a determination will usually be made, but where such adjudication is not necessary or is sought merely for the convenience of the parties the courts generally postpone determination until the happening of the event upon which the future interest depends, and will not determine speculative, hypothetical, or abstract questions." (p. 886.)

Prior to the new Code of Civil Procedure this court decided several actions under the declaratory judgment statute involving the construction of a will. (*Sharpe v. Sharpe,* 164 Kan. 484, 190 P. 2d 344 and *Bodle v. Balch,* 185 Kan. 711, 347 P. 2d 378.) While these cases have a bearing on the point presently under consideration they are not controlling. In *Sharpe v. Sharpe,* supra, it was said that one of the basic essentials of jurisdiction under the declaratory judgment act is that the judgment sought to be obtained will result in "consequential relief." Under the new Code of Civil Procedure (60-1701, *supra*) the power of the district court to make binding adjudications of right when actual controversy exists is not dependent upon whether or not consequential relief is, or at the time could be, claimed. The statute specifically recites that no action or proceeding shall be open to objection on the ground that a judgment or order merely declaratory of right is the only relief requested.

Furthermore under K. S. A. 60-1002 a quiet title action may be brought by any person claiming an interest in real property against any person who claims an interest therein adverse to him, for the purpose of determining such adverse claim.

Under the allegations of the petition the appellant and her children have a remainder interest in the real property subject to a life estate in the mother of the appellant. Considering the age of the appellant's mother, the probability that the appellant and her children will survive her mother, or if the appellant should predecease her mother that her children would survive her mother, is a good prospect. Because of this probability the appellant has a saleable

property right of considerable present value, except for the fact that such property right is unmarketable because of the claim of the appellees.

Under the law of this state the general rule is that any interest a person may have in property, vested or contingent, legal or equitable, may, in a proper case, be subject to attachment and garnishment, and may be levied upon and sold under execution. (*Koelliker v. Denkinger*, 148 Kan. 503, 83 P. 2d 703.) Another case holding that the interest of a remainderman in real estate, whether contingent or vested, is saleable is *Markham v. Waterman*, 105 Kan. 93, 181 Pac. 621. In the opinion the court said:

"Counsel for appellee contends that where a life estate with power of disposition is created, the remainderman does not take title. His interest may not amount to the dignity of title, but he has an interest or property right, nevertheless, although it may be of little value. And it is a property right or interest which he can sell, and consequently it can be sold for the payment of his debts (*Strom v. Wood*, 100 Kan. 556, 164 Pac. 1109). . . . Whatever form or sort of property, or interest in property, a man owns in this state, may ordinarily be the subject of legitimate barter and sale, and unless it be exempt property the sheriff may sell it to pay his debts." (p. 98.)

Upon the allegations in the petition a failure to determine the controversy would result in prejudice to the appellant. She is entitled to have a construction of the will of T. O. Tanton, deceased, to determine the nature and extent of her remainder interest in the real property in question.

The circumstances indicate a real necessity for a present adjudication of the controversy alleged.

The fact that the appellant is alleged to be the *adopted child* of the life tenant does not disqualify her to take the property as a remainderman under the provisions of paragraph 6th in the will of T. O. Tanton, deceased.

The law of Kansas governs the interpretation of a foreign will where Kansas real estate is devised by the foreign will.

In *Larned v. Larned*, 98 Kan. 328, 158 Pac. 3, decided in 1916 the court said:

". . . The law of the domicile and the effect given to its provisions by the courts of that jurisdiction may be examined to aid in finding the intention of the testator, but when it comes to the disposition of real property the law of the place where the property is situated must control. To apply the New Jersey rule would contravene the law of Kansas under the rule of *Keith v. Eaton*, 58 Kan. 732, 51 Pac. 271, that application can not be made. . . ." (pp. 333, 334.)

A later statement of the rule is found in *Purl v. Purl*, 108 Kan. 673, 197 Pac. 185, where the court said:

"When the will was executed and when the testator died, he resided in the state of Illinois. The land is in Kansas, and a preliminary question is raised with respect to what law governs interpretation of the will. The appellants insist that the law of Illinois is controlling. The supreme court of Illinois and this court are in substantial accord on the subject. Title to land must be derived according to the law of the place where the land is situated; but the law of the testator's domicile, with which he was probably familiar, may throw light on his intention." (p. 675.)

Other Kansas cases adhere to the rule that the descent and devolution of real estate is governed by the law of the state in which it is situated. (*Riemann v. Riemann*, 124 Kan. 539, 262 Pac. 16; *Hanson v. Hoffman*, 150 Kan. 121, 91 P. 2d 31; and *Meyer v. Rogers*, 173 Kan. 124, 244 P. 2d 1169.) A United States Supreme Court decision recognizing this rule is *Clarke v. Clarke*, 178 U. S. 186, 44 L. Ed. 1028, 20 S. Ct. 873.

An adopted child has always inherited in Kansas the same as a natural born child. The applicable statute on this point, when the will of T. O. Tanton became effective in 1914, was G. S. 1909, ch. 80, § 5066, it reads:

"§ 7. Minor children adopted as aforesaid shall assume the surname of the person by whom they are adopted, and shall be entitled to the same rights of person and property as children or heirs-at-law of the person thus adopting them."

The foregoing statutory law has been substantially the same since 1868. (See, G. S. 1868, ch. 67, § 7; and K. S. A. 1973 Supp. 59-2103.) Cases discussing this point are: *Gray v. Holmes*, 57 Kan. 217, 45 Pac. 596; *Riley v. Day*, 88 Kan. 503, 129 Pac. 524; *Dreyer v. Schrick*, 105 Kan. 495, 185 Pac. 30; *Bartram v. Holcomb*, 109 Kan. 87, 198 Pac. 192; *Denton v. Miller*, 110 Kan. 292, 203 Pac. 693; *Riemann v. Riemann*, supra; and *Schwarz v. Rabe*, 129 Kan. 430, 283 Pac. 642.

Based upon the foregoing, the petition of the appellant clearly indicates an active controversy exists between the parties and the controversy is justiciable.

Our opinion is not to be construed as an adjudication of the controversy alleged. The foregoing opinion is confined to the allegations of the petition. Upon remand of the case to the trial court the issue framed by the pleadings will have to be resolved. The burden of proof is upon the appellant to establish the facts alleged. On the record here presented the petition did not make the will or

the codicil of T. O. Tanton, deceased, a part of the pleading. The petition was confined to paragraph No. 6th of the will.

The judgment of the lower court is reversed and the case is remanded with directions to proceed to determine the controversy.