No. 48,005

LYLA RAE McCAIN, *Appellee*, v. MARSHALL EARL McCAIN, *Appellant*.

(549 P. 2d 896)

Opinion filed May 8, 1976.

*Leonard W. McAnarney,* of Lyndon, argued the cause and was on the brief for the appellant.

*Stephen Jones,* of Coffman, Jones & Hederstedt, of Lyndon, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by Marshall McCain from a decree of the District Court of Osage County, Kansas, divorcing Lyla and Marshall McCain, and dividing their property.

The parties were married at Michigan Valley, Kansas, on July 9, 1961. Lyla was then 19 years of age and had just graduated from high school. Marshall was 32 years old and was established in a farm operation. He owned an improved 80-acre tract (the home place) plus some livestock and farm machinery. The marriage

prospered and lasted some 14 years. Two sons, Mark and Todd, were born in 1962 and 1964, respectively. The parties acquired a nearby 80 acres which was purchased from Marshall's aunt at half of its then value, thus Marshall regards half of it as a gift. Marshall acquired by gift or inheritance a one-sixth remainder interest in 160 acres, subject to the life estate of Pearl Stitt, and a one-third remainder interest in another 160 acres subject to the life estate of Alice McCain. Pearl Stitt is an aunt of Marshall. She was 71 years of age at the time of trial. Alice McCain is also Marshall's aunt. Her age was 68.

Lyla acquired by gift or inheritance a one-third interest in a 127½ acre farm in Franklin County, Kansas, and a one-fifteenth interest in another acreage, the latter being in the Pomona lake area and subject to a flowage easement. Lyla also inherited some money and received income from the Franklin County farm, some of which she invested and $12,000 of which was spent to remodel and build an addition to the parties' residence on the home place. Both parties were industrious and contributed labor to the farm and livestock operation. Later Lyla became a licensed practical nurse and worked at a nursing home for about a year before the parties separated. During the marriage the parties accumulated additional farm machinery, livestock and personal property, and there were growing crops at the time of separation. The proceeds of a sale of livestock and machinery were in escrow at the time of trial, amounting after payment of expenses of sale and indebtedness to the bank, to about $29,000. The 1974 crops were sold for approximately $16,000. Defendant spent about $10,000 of that money for 97 head of cattle which he held at the time of trial.

Plaintiff filed her petition on July 23, 1974, seeking a divorce on the ground of incompatibility, custody of the two boys, child support, division of property and attorneys' fees. She later amended to add other grounds for divorce. Defendant answered and filed a cross petition by which he sought a divorce on the ground of incompatibility. He also later amended to add additional grounds and to seek custody of the children.

Trial was held on December 11, 1974. Both parties and several witnesses testified, including an expert who gave his opinion as to the value of each tract of real estate. At the conclusion of trial the court granted a divorce to each party on the ground of incompatibility. He awarded custody of the two sons to Lyla until the further order of the court, fixed child support at $200 per month, and granted

Marshall reasonable visitation. The court made the divorce effective on that date and directed the clerk to make an appropriate entry on the appearance docket. Division of property was taken under advisement.

The trial court announced its further decision on January 6, 1975. It awarded to Lyla the south forty acres of the home place, on which she and the children were living and on which the improvements were situated; the one-third interest in the Franklin County farm and the one-fifteenth interest in the acreage subject to flowage easement; certain investments; the household goods; a 1970 Maverick automobile; and $18,000 from the escrow account. The court awarded to Marshall the north 40 acres of the home place; the 80-acre tract acquired subsequent to the marriage; the one-third and one-sixth remainder interests in the two quarter sections; certain shares of stock; two late model vehicles; a one-half interest in a pontoon boat; 97 head of cattle; the balance of the 1974 crops and crop proceeds; and $11,000 from the escrow account. Plaintiff claims that the value of the assets awarded was $89,929 to her and $91,626 to defendant. Defendant computes it as $89,286 to plaintiff and $89,016 to him. The journal entry was filed January 29, 1975.

Defendant's motion for a new trial was overruled, and he appeals, listing nine separate grounds of error. These really amount to three claims of error, which are:

(1) that the court erred in granting a divorce on the ground of incompatibility as pertains to appellee, when the evidence failed to support that finding, and clearly supported the additional grounds alleged by appellant, gross neglect of duty and extreme cruelty;

(2) that the court erred in considering appellant's contingent or future interest in the two quarter sections of land, and in the method utilized in establishing the value placed on these interests by the court; and

(3) that the court abused its discretion in making the division of property decreed.

Before we consider the merits of the first of these, a question of jurisdiction arises. Appellee notes that the divorce was granted on December 11, 1974, and the notice of appeal was not filed until February 25, 1975. The time for filing an appeal runs from the time judgment is entered, whether it be by entry of judgment in the appearance docket at the direction of the court or by the filing of a journal entry. K. S. A. 69-258 and 60-2103; and see *Corbin v. Moser*, 195 Kan. 252, 403 P. 2d 800, and *Van Brunt, Executrix v. Jackson*, 212 Kan. 621, 625, 512 P. 2d 517. The divorce was granted and was

effective between the parties on December 11, 1974. *Van Brunt, Executrix v. Jackson, supra.* The remaining issues in the case were not resolved and no appealable order was entered thereon until the filing of the journal entry covering *all* of the issues on January 29, 1975.

K. S. A. 60-2103 (*i*) provides in applicable part that:

"When an appeal . . . has been timely perfected the fact that some ruling of which the appealing . . . party complains was made more than thirty (30) days before filing of the notice of appeal shall not prevent a review of the ruling."

K. S. A. 60-2102 (*a*) (4) also provides that:

". . . In any appeal . . . from a final decision, any act or ruling from the beginning of the proceedings shall be reviewable."

Our code and our rules envision and are designed to provide but one appeal in most cases, that to come after all issues have been determined on the merits by the trial court. Interlocutory and fractionalized appeals are discouraged, and are the exceptions and not the rule.

We conclude that in a divorce case where the trial court bifurcates its ruling and causes the decree of divorce to be entered on a date different from that upon which it enters final rulings on other issues in the case such as child custody, alimony and division of property, that the entry of whichever order is later fixes the date from which the time for taking an appeal runs, and upon such an appeal all rulings of the trial court can properly be reviewed by this court.

We turn now to the granting of this divorce. There was an abundance of competent evidence before the trial court supportive of its finding of incompatibility with which we need not burden this record. That evidence came from both sides. The quantum of proof supporting other grounds was much smaller. We did not see and hear the witnesses. Suffice it to say that we will not substitute our judgment for that of the trial court, where as here the judgment entered is supported by substantial competent evidence.

Marshall owned specific undivided future interests in the two quarter sections of land. Neither of these will ripen into a possessory interest until the termination of the estate of the life tenant of each tract. Nevertheless his interests are vested remainders which may be sold (*Hull v. Prather,* 161 Kan. 264, 167 P. 2d 600; *Stevenson v. Stevenson,* 102 Kan. 80, 169 Pac. 552; *Ghormley v. Kleeden,* 155 Kan. 319, 124 P. 2d 467; *Woolums v. Simonsen,* 214 Kan. 722, 522 P. 2d 1321) or otherwise alienated, transferred or mortgaged. (*McCart-*

*ney v. Robbins,* 114 Kan. 141, 217 Pac. 311; *Schneider v. Schneider,* 135 Kan. 734, 12 P. 2d 834. ) They have present value.

Speaking of a remainder interest subject to a life estate, we said in *Woolums v. Simonsen,* supra:

". . . [T]he appellant and her children have a remainder interest in the real property subject to a life estate in the mother of the appellant. Considering the age of the appellant's mother, the probability that the appellant and her children will survive her mother . . . is a good prospect. Because of this probability the appellant has a saleable property right of considerable present value. . .

"Under the law of this state the general rule is that any interest a person may have in property, vested or contingent, legal or equitable, . . . may be levied upon and sold under execution. ( *Koelliker v. Denkinger,* 148 Kan. 503, 83 P. 2d 703.) Another case holding that the interest of a remainderman . . . is saleable is *Markham v. Waterman,* 105 Kan. 93, 181 Pac. 621. . . ." ((pp. 729, 730.)

Was it error for the trial court to consider the value of these remainder interests in dividing the property of these parties? We think not. The trial court had a duty under K. S. A. 1975 Supp. 60-1610 (*b*) to make a just and equitable division of the property of the parties, and in so doing it must consider all of the property having present value.

Did the court err in the values which it assigned to these estates *in futuro?* Again we think not. The trial court had before it evidence of the value of the quarter sections in question. It divided the value by the contingent interest of appellant, and further reduced this value by approximately fifty percent in accordance with the table utilized for valuing such interests in computing estate taxes. (See 1 CCH Federal Estate & Gift Tax Reporter 1466, ¶ 1217, Table A [2], and Regulation 20.2031-10 [f].)

Appellant argues that he is in ill health and the future interests may never vest. There was evidence before the court that Marshall has hemophilia, and that he has chronic arthritis in the right hip and in knee and elbow joints. He cannot do heavy work. He plans to undergo surgery at Mayo's, where they will replace his right hip joint with a metal hip. There was no medical evidence as to his life expectancy. He does not suggest any alternative method for computation of the present value of the future interests. Under the circumstances we conclude that the value attributed to the interests was fully supported by the record, and that the court did not err in considering the interests, in assigning them to appellant, or in attributing the stated value thereto.

Before turning to appellant's contention that the court abused its discretion in making a division of property between these parties, we will state some of the principles applicable.

In *LaRue v. LaRue*, 216 Kan. 242, 531 P. 2d 84, the court, speaking through Justice Schroeder, said:

Under [K. S. A. 1973, now 1975, Supp. 60-1610 (*b*)] the district court is vested with wide discretion in adjusting the financial obligations of the parties in a divorce action, and its exercise of that discretion will not be disturbed on appeal in the absence of a showing of a clear abuse. (*Stayton v. Stayton*, 211 Kan. 560, 506 P. 2d 1172, Syl. ¶ 1.) One seeking to establish an abuse of discretion assumes a heavy burden, for 'If reasonable men could differ as to the propriety of the action taken by the trial court then it cannot be said that the trial court·abused its discretion.' (*Stayton v. Stayton*, supra, p. 562.) On the other hand, 'The discretion vested in the trial court must be exercised in whole-hearted good faith and be guided by the statutes, not by the court's private opinion of what the statute ought to be. Where the exercise of discretion is arbitrary and not judicial, and the judgment is inequitable, it will be set aside.' (*St. Clair v. St. Clair*, 211 Kan. 468, 507 P. 2d 206, Syl. ¶ 6; and *Almquist v. Almquist*, 214 Kan. 788, 522 P. 2d 383.)

"In commenting upon the changes in our divorce law wrought by the 1963 enactment of that statute in *Zeller v. Zeller*, 195 Kan. 452, 407 P. 2d 478, the court said.

" 'The significant change in the law regarding division of property is that the court is no longer required to set aside to the wife the separate property which she brought to the marriage or acquired with her own funds after the marriage. The court now is given authority to divide all of the property owned by the parties, regardless of the source or manner in which acquired, in a just and reasonable manner.' (p. 459.)

"Under our decisions the trial court in divorce cases under the foregoing statute is required to make a just and reasonable division of all the property of the parties between them, and in determining a just and reasonable division the trial court should take into consideration the following factors: (1) The ages of the parties; (2) the duration of the marriage; (3) the property owned by the parties; (4) their present and future earning capacities; (5) the time, source and manner of acquisition of the property; (6) family ties and obligations; (7) the question of fault; and (8) the alimony allowance or lack thereof. . . ." (pp. 249, 250.)

We turn now to the final question, whether the trial court abused its discretion in dividing the property between these parties. Defendant contends that the court erred in considering both 80-acre tracts as jointly accumulated property; in failing to set aside to each of the parties all property each owned prior to the marriage or inherited during the marriage; in awarding the 40-acre tract with the improvements to the plaintiff, when defendant needs the improvements to carry on his livestock operation; in failing to give proper consideration to the medical evidence concerning defend-

ant's health; in awarding to plaintiff one-half of the value of the crops for the year 1974; and he complains that the court received evidence as to certain alleged trust accounts of relatives of his, ruled that plaintiff would be required to disclose certain trust accounts of her relatives, and then failed to require her to do so.

The matter of the trust accounts of relatives of the parties came up during testimony given by defendant's aunts. The court admitted that testimony. It appears that the aunts have accounts which each own, and in which Marshall is named as survivor. Each owner has the right to change the form of the account at any time. It appears that Lyla's grandparents have a similar account, owned by them, with Lyla named as survivor. Marshall does not claim any interest in that account. While no evidence was offered at trial concerning the account of Lyla's grandparents in the Anchor Savings, the trial court in its memorandum on motion for new trial states that the court was subsequently furnished evidence concerning that account in which plaintiff is a beneficiary. The trial court also ignored the accounts of Marshall's aunts as well as the account of Lyla's grandparents when dividing the property of the parties. Marshall demonstrates no harm, and we perceive no error.

As to the division of land, Marshall's primary complaint in this appeal is that the court should not have given Lyla the south 40 acres of the home place, since he owned the improved 80 acres, of which that is a part, prior to the marriage, and he could utilize the improvements thereon in his cattle raising operation. The evidence indicates that Lyla spent some $12,000 or more of her inherited funds to improve the home place during the marriage. The court found that this sum was about equal to Marshall's original cost of both 80's and that it would not be fair to set the home place off to him simply because he owned it prior to the marriage. Lyla was given custody of the children, and the evidence indicates that she plans to continue to make her home on the 40 acres awarded to her. The court recognized that Marshall owns remainder interests in the 80-acre tracts on each side of the home place, and the court awarded him the first refusal in case Lyla should desire to sell the 40 acres awarded to her. The proviso in the decree reads:

"[P]rovided that, in the event plaintiff sells the property, defendant shall have first refusal at the same price at which plaintiff has offered it to a buyer ready, willing and able to purchase the same."

Under K. S. A. 1975 Supp. 60-1610, and under our decisions, the trial court is not obligated to award to each party all property owned by such party prior to the marriage, nor is the court required to award to each the property inherited by each during the marriage. The court is required to make a fair and equitable division of the property. The court here awarded 120 acres of land to the defendant, plus his future interests; it awarded to him the livestock, and the balance of 1974 crops and crop proceeds. It granted plaintiff no alimony, and taxed the costs to both parties, each to pay half of the docket fees and the witness and deposition costs each incurred. The crops which were growing at the time of the separation were divided; though plaintiff did not help harvest them, it appears that her earnings went into the joint account out of which costs of planting were paid.

We have carefully considered the entire record, and find no error.

The judgment is affirmed.

OWSLEY, J., dissenting: I respectfully dissent from Syllabus para. 2 and the corresponding part of the opinion because it appears to me the court has adopted a rule which fosters confusion and uncertainty in the field of divorce.

On December 11, 1974, upon evidence introduced, the trial court entered an order divorcing the parties and determining matters relating to child custody. Judgment was reserved on the division of property. An order relating to division of property was entered by journal entry on January 29, 1975. Although no notice of appeal was filed within thirty days of December 11, 1974, the majority opinion by the rule stated in Syllabus para. 2 permits a review of the December 11th divorce decree. Several years ago the legislature changed the waiting period for remarriage from six months to thirty days after entry of judgment. The effect of this opinion thwarts the legislative purpose by extending, often indefinitely, the time in which a person may lawfully remarry.

It appears to me the rule adopted in this case unnecessarily creates many difficult problems for our trial courts. I propose a rule which would require the filing of a notice of appeal from the granting of a divorce with a right to delay perfecting the appeal until all the issues in the case have been judicially determined. If no notice of appeal was filed within thirty days of the entry of the divorce decree, the parties could safely conduct themselves as unmarried persons.