No. 113,597

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANIEL HENDRICKS,
*Appellant.*

SYLLABUS BY THE COURT

1.

K.S.A. 2013 Supp. 21-5924 makes it a crime to violate protection orders entered under specific statutes, including K.S.A. 2013 Supp. 23-2707, which applies to orders that are entered while a divorce action is pending and before final judgment.

2.

Where a no-contact order is entered in a divorce case after entry of the decree of divorce, which constitutes the final judgment in that case, the order cannot serve as the basis for a criminal charge under K.S.A. 2013 Supp. 21-5924 because the order was not entered under the authority of K.S.A. 2013 Supp. 23-2707 (or, under the facts of this case, any other statute listed in K.S.A. 2013 Supp. 21-5924).

Appeal from Johnson District Court; JAMES E. PHELAN, judge. Opinion filed May 6, 2016. Reversed and remanded with directions.

*Jean Ann Uvodich*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., GREEN and LEBEN, JJ.

LEBEN, J.: Daniel Hendricks appeals his criminal conviction for violating a no-contact order entered in his divorce case. Hendricks argues that the statute making it a crime to violate a protection order doesn't apply to orders entered in a divorce case *after* the divorce decree has been entered. The order Hendricks violated was entered several years after the decree in his divorce case, during new disputes with his ex-wife about child-custody and visitation matters.

Hendricks argues on appeal that K.S.A. 2013 Supp. 21-5924, the statute that makes it a crime to violate certain protection orders, did not apply to the protection order he violated. The statute makes it a crime to violate protection orders entered under several specifically listed statutes, including protection-from-abuse orders entered under K.S.A. 60-3105, 60-3106, or 60-3107; protection-from-stalking orders entered under K.S.A. 60-31a05 or 60-31a06; and temporary orders issued in divorce cases under K.S.A. 2013 Supp. 23-2707. The State cites K.S.A. 2013 Supp. 23-2707 as the authority for the no-contact order entered against Hendricks.

But that provision, K.S.A. 2013 Supp. 23-2707, applies only to temporary orders entered "during the pendency of the [divorce] action prior to final judgment," while three *other* statutes provide for the modification of child-custody or parenting-time orders *after* final judgment: K.S.A. 2013 Supp. 23-3218, 23-3219, and 23-3221. Accordingly, Hendricks was right that the criminal statute under which he was charged did not apply, and we must set aside his conviction.

ANALYSIS

We have only limited information about the underlying disputes between Hendricks and his ex-wife, as only three documents from the divorce file are in our record: (1) an amended divorce petition filed in 2006; (2) the decree of divorce filed in 2006 (though without the parties' separation agreement, which the decree says was attached to it); and (3) the no-contact order filed in 2013, which recites orders entered at a hearing held July 8, 2013, involving ongoing child-custody disputes. Among other things, that order provided that Hendricks "have no contact" with his ex-wife or his two minor children and required that Hendricks obtain a mental-health evaluation. The title of the order ("Journal Entry Regarding Temporary Court Orders") indicated that it was temporary.

With the no-contact order still in place, Hendricks left two phone messages for his ex-wife in March 2014 saying that he was going to pick up their children on his upcoming birthday. The ex-wife reported this to the police, and Hendricks was arrested. The State charged him with two counts of violating a protection order in violation of K.S.A. 2013 Supp. 21-5924. The criminal case was tried to a judge on stipulated facts, and the judge found Hendricks guilty of two counts of violating a protection order. Hendricks then appealed to this court.

On appeal, Hendricks raises several arguments, but we only need to address his claim that K.S.A. 2013 Supp. 21-5924, which makes it a crime to violate an order entered under K.S.A. 2013 Supp. 23-2707, doesn't apply because K.S.A. 2013 Supp. 23-2707 authorizes temporary orders only *before* final judgment (here, entry of the divorce decree)—and the no-contact order here was entered *several years after* the divorce decree. The question is one of statutory interpretation, so we review it without any required deference to the district court. *State v. James*, 301 Kan. 898, 903, 349 P.3d 457 (2015). In our opinion, we have cited to the statutory provisions as of the date the State

3

alleged Hendricks committed these offenses, March 2014; minor changes not relevant to the issues we discuss have been made to some of the cited statutes since then.

The State's case against Hendricks must rise or fall on whether K.S.A. 2013 Supp. 23-2707 provided the authority under which the no-contact order was entered. K.S.A. 2013 Supp. 21-5924 makes it unlawful to violate only certain specified protection orders, and K.S.A. 2013 Supp. 23-2707 is the only provision the State has cited as authority for the no-contact order entered against Hendricks. It provides for the entry of temporary orders "during the pendency of the action prior to final judgment":

"Interlocutory orders. (a) *Permissible orders*. After a petition for divorce, annulment or separate maintenance has been filed, and during the pendency of the action prior to final judgment the judge assigned to hear the action may, without requiring bond, make and enforce by attachment, orders which:

. . . .

"(2) restrain the parties from molesting or interfering with the privacy or rights of each other;

"(3) provide for the legal custody and residency of and parenting time with the minor children and the support, if necessary, of either party and of the minor children during the pendency of the action." K.S.A. 2013 Supp. 23-2707(a).

A divorce action combines several claims—potentially for child support, child custody, parenting time, maintenance, and property division—into a single cause of action. Unless some of those are left undecided, the divorce decree is a final judgment. See *McCain v. McCain*, 219 Kan. 780, 549 P.2d 896 (1976) (holding that divorce rulings are final and appealable only when court has both granted divorce and resolved all other issues in the case, such as child custody and property division). K.S.A. 2013 Supp. 60-254(b) provides that a judgment usually is not final if the court resolves only some of the pending claims for relief. But where, as occurred in the Hendricks' case, a decree of divorce is entered approving a separation agreement resolving all of the pending claims,

4

that is a final and appealable judgment even though the court necessarily retains jurisdiction to enter orders of modification related to any children. Accordingly, motions to obtain relief from a final judgment can be made under K.S.A. 2013 Supp. 60-260 (for claims including the discovery of new evidence, mistake, or fraud), and such motions are often filed in divorce cases. See, *e.g.*, *In re Marriage of Larson*, 257 Kan. 456, 894 P.2d 809 (1995) (using date the decree of divorce was entered to start calculating time to file motion to alter or amend final judgment). In addition, with respect to child-custody and parenting-time issues, K.S.A. 2013 Supp. 23-3218, 23-3219, and 23-3221 allow for motions to modify the final judgment.

The State argues that the divorce decree in the Hendricks' case *wasn't* a final judgment, citing K.S.A. 2013 Supp. 60-254(b). The State first notes that a divorce court retains jurisdiction over child-custody matters even after the decree is entered. The State then contends that a provision of K.S.A. 2013 Supp. 60-254(b) would require the district court to specifically direct entry of final judgment while leaving child-custody open to future revision. We disagree with the State's reading of K.S.A. 2013 Supp. 60-254(b) as applied to this situation.

K.S.A. 2013 Supp. 60-254(b) applies when a court leaves open one of the *claims for relief* of a party when entering judgment on other pending claims. In that circumstance, the court must specifically direct that the judgment is final on the claims that have been decided; otherwise, the judgment is not final at that point as to any of the claims:

> "When an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim or third-party claim, or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the

5

action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." K.S.A. 2013 Supp. 60-254(b).

But that's not what happens in the typical divorce case, and it's not what happened in the Hendricks' divorce. In the typical divorce case, all of the claims for relief are tried or settled at the same time. The claims then pending are fully resolved, even though the court has continuing jurisdiction to hear later motions to modify child-related matters. Thus, there is no need for a certification under K.S.A. 2013 Supp. 60-254(b) that designates the finality of some—but not all—claims for relief.

In fact, certification under K.S.A. 2013 Supp. 60-254(b) could probably never be done in a divorce case anyway. Certification is possible under the rule only "[w]hen an action presents more than one *claim* for relief" and allows the court to direct entry of final judgment "as to one or more, but fewer than all, claims." (Emphasis added.) But since all of the matters heard in a divorce proceeding arise under the single claim for a divorce, K.S.A. 2013 Supp. 60-254(b) does not seem to apply. See Leben, Practitioner's Guide to Kansas Family Law, Civil Procedure & Evidence § 21.26a (1st ed. 2008 Supp.).

Even if it did, the State's suggestion that a K.S.A. 2013 Supp. 60-254(b) certification would be required in the typical divorce case would cause highly negative, unintended consequences that would be a surprise to Kansas divorce practitioners and to most Kansans who have been divorced and remarried. If we were to accept the State's argument, standard decrees without a K.S.A. 2013 Supp. 60-254(b) certification entered in Kansas over the years would not constitute final judgments, making *voidable* the new marriages of previously divorced Kansans. See K.S.A. 2013 Supp. 23-2713 (providing in most cases that a marriage entered into "before a judgment of divorce becomes final shall be voidable until the decree of divorce becomes final"). Standard divorce forms used in Kansas do not have such a certification. Nor should they. That's because K.S.A. 2013

6

Supp. 60-254(b) simply doesn't apply; the divorce decree entered after trial or settlement *does* resolve all of the pending claims for relief. The judgment is no less final simply because later motions for modification may be made.

So we do not accept the State's argument that the divorce decree entered in the Hendricks' divorce case in 2006 wasn't a final judgment. Since K.S.A. 2013 Supp. 21-5924 makes it a crime only to violate orders entered under K.S.A. 2013 Supp. 23-2707 (along with some other statutes not involved in this case), and since K.S.A. 2013 Supp. 23-2707 only applies to temporary orders entered "during the pendency of the [divorce] action prior to final judgment," that seems to preclude the State's claim that Hendricks violated K.S.A. 2013 Supp. 21-5924. Final judgment in the Hendricks' divorce came in 2006, and the order he violated wasn't entered until 2013.

We can envision one additional argument the State could make. At first glance, there might be some ambiguity here given the way divorce cases with children are handled. Such cases don't fully go away until the children have reached age 18 and graduated from high school. See K.S.A. 2013 Supp. 23-3001 (child support terminates when a child turns 18 unless the child hasn't yet graduated from high school or the parents have agreed otherwise); K.S.A. 2013 Supp. 23-3005 (court may modify child-support order after 3 years or when a material change of circumstances occurs). Accordingly, as both Kansas law and the divorce decree in the Hendricks' case recognize, the district court retains jurisdiction to consider modification of the decree.

The State could argue that once another motion to modify is made, the divorce action is once again "pending," and "final judgment" has not yet been entered on the new claim. The limitation on the court's authority expressed in K.S.A. 2013 Supp. 23-2707(a) is two-fold: the court's action must be "[a]fter a petition for divorce, annulment or separate maintenance," and it must be "during the pendency of the action prior to final judgment." If motions to modify a divorce decree are filed and ruled upon, the court's

7

ruling on such matters itself becomes a "final judgment" subject to appeal. See, *e.g.*, *Hardenburger v. Hardenburger*, 216 Kan. 322, Syl. ¶ 4, 532 P.2d 1106 (1975) (mother appealed the district court's denial of her petition to modify child custody). Thus, one might argue that any time a motion to modify is filed, the case is once again active and pending "prior to final judgment." Under this argument, then, K.S.A. 2013 Supp. 23-2707(a) could once again provide the authority for the entry of temporary orders.

But such an argument would ignore the three specific statutes that provide authority for the entry of orders *modifying* the final judgment in a divorce case with respect to child custody or parenting time, K.S.A. 2013 Supp. 23-3218, 23-3219, and 23-3221. K.S.A. 2013 Supp. 23-3218 provides for the modification of previous child-custody or visitation orders when circumstances change and specifically authorizes new temporary orders. K.S.A. 2013 Supp. 23-3219 provides specific filing requirements for any "motion to modify a final order" about child custody or residential placement. And K.S.A. 2013 Supp. 23-3221 provides for the modification of parenting-time orders when that would be in the child's best interests. These specific statutes, not K.S.A. 2013 Supp. 23-2707, provide the authority for orders entered after entry of the divorce decree.

Moreover, even if—in the civil divorce case between Hendricks and his ex-wife— the divorce court does retain some residual authority under K.S.A. 2013 Supp. 23-2707 to enter further orders as needed, that does not authorize a broad reading of K.S.A. 2013 Supp. 21-5924, a *criminal* statute. Under the rule of lenity, ambiguous criminal statutes are generally construed narrowly against the State. While sometimes phrased in different ways, the essence of the rule is that if there is some legitimate ambiguity in a criminal statute, that ambiguous language should not be the basis for convicting a citizen of a crime. See *State v. Williams*, 303 Kan. ___, ___ P.3d ___, 2016 WL 555697, at *8 (2016) (noting that any reasonable doubt about the meaning of a criminal statute should be resolved in favor of the defendant); *State v. Coman*, 294 Kan. 84, 97, 273 P.3d 701 (2012) (where there are "two reasonable and sensible interpretations of a criminal statute,

8

the rule of lenity requires the court to interpret its meaning in favor of the accused"). Had the legislature wanted to make it a crime to violate orders entered under these separate statutes, which authorize post-decree modifications, it could easily have listed them in K.S.A. 2013 Supp. 21-5924. Instead, with respect to orders entered in divorce actions, the legislature only made it a crime to violate orders entered under K.S.A. 2013 Supp. 23-2707.

The rule of lenity serves two important purposes. First, people should have fair notice of what is criminal. Second, narrow interpretation when there is some reasonable doubt about a criminal statute's meaning best respects the legislature's role in defining what constitutes a crime. Kansas has no common-law crimes, K.S.A. 2013 Supp. 21-5103(a), so something is a crime only if the legislature says so by statute. Were we to broadly interpret criminal statutes, we might inadvertently overstep our role and make something criminal even though the legislature had not intended that result. See *State v. Braun*, 47 Kan. App. 2d 216, 217, 273 P.3d 801 (2012), *rev. denied* 297 Kan. 1248 (2013).

Given this rule, we do not think it reasonable to construe K.S.A. 2013 Supp. 21-5924 to apply to Hendricks' case. The no-contact order he violated was entered many years after the divorce decree, which was the final judgment in his divorce case. A reasonable reading of K.S.A. 2013 Supp. 21-5924 certainly supports Hendricks' argument on appeal.

Our ruling does not mean that the no-contact order itself was useless or lacked authority. We presume that the district court had authority to enter it, and once properly entered, the district court also had authority to enforce it through contempt powers or otherwise. We simply conclude that the violation of this no-contact order was not also a crime under K.S.A. 2013 Supp. 21-5924.

The district court's judgment is reversed, and the case is remanded to the district court with directions to set aside the defendant's conviction and to dismiss the State's criminal complaint against him.