NOT DESIGNATED FOR PUBLICATION

Nos. 121,360
121,843

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SUSANNE BUHLER,
*Appellee*,

v.

MARKUS MCCORMAC,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; KATHLEEN M. LYNCH, judge. Opinion filed March 27, 2020. Appeals dismissed.

*H. Reed Walker*, of Reed Walker, PA, of Overland Park, for appellant.

*Aline E. Pryor*, of Kansas City, for appellee.

Before POWELL, P.J., HILL and STANDRIDGE, JJ.

PER CURIAM: In these two appeals, Markus McCormac, the father of a minor child, raises several issues arising from a paternity action filed in Wyandotte County District Court. Even though there are two appeals, the parties and subject matter are identical. This single opinion addresses both appeals.

Basically, Father appeals the district court's orders concerning custody and placement of the child as well as the court's orders concerning temporary child support.

1

That last phrase, "temporary child support" illustrates our problem with these two appeals. It appears from this record that we are dealing with temporary orders. Because the record shows no final decision that disposes of all the merits of this paternity case, we must dismiss both appeals because we lack appellate jurisdiction.

*The case starts as a paternity determination.*

This case began when Susanne Buhler filed a petition for declaration of paternity of her two-year-old child under the Kansas Parentage Act, K.S.A. 23-2209 et seq., seeking determinations of parentage, custody, visitation, child support, and medical care. Father admitted parentage.

The court awarded sole legal custody to Mother. It placed the child with Mother and established Father's parenting time on the first, third, and fifth weekends of the month. The court stated it would review the order of legal custody in six months. The court ordered the parties to exchange child support worksheets within seven days.

Father asked the court to alter or amend that judgment. The court heard the motion and considered that hearing to be its six-month review. At the hearing, the court noted that Father had not provided his documentation so child support could be calculated and ordered him to do so by close of business the following Monday. Later, the court denied Father's motion to alter or amend. The court also filed a journal entry of the hearing on May 3, 2019. On May 30, 2019, Father filed a notice of appeal from the December, April, and May judgments of the court. That appeal was docketed with this court under case no. 121,360.

Despite the fact that the case was already docketed in this court, hearings continued in the district court. The district court held a hearing on July 12, 2019, on the issue of child support. At the hearing, the court noted that Father had not provided the

2

discovery information of his income that Mother had requested. The court imputed an income for Father in the amount of $49,491 using the 2017 Kansas wage survey. It ordered him to provide the documentation Mother had requested within 10 days, particularly whether his company was paying for his car payments, student loans, and cell phone, which would increase his income for the calculation of his child support payment. Only part of the hearing is found in the record. But the court noted several times that its order was "temporary" and it needed to review the discovery Father was to provide to "go forward." The court stated, "This is simply temporary child support."

The court set another hearing for August 12, 2019, noting that it would review any other income information at that hearing and if there was no additional information that would impact the child support order, then "we won't need anything . . . we'll have it in place." The court left open the issue of whether Mother could seek back child support (from the date of the custody order) "until we have the exact figures." The court's journal entry of the July hearing was filed August 14, 2019. In the journal entry, the court ordered that Father pay $800 in child support beginning April 2019, as a "temporary child support obligation" and stated that it would review Father's wages at the August 12 hearing.

There is no transcript of the August 12 hearing in the record. The journal entry from that hearing filed August 20, 2019, stated:

- Father had not paid any child support to date;
- Father was still not in compliance with discovery;
- the court needed the requested information to set the child support obligation in compliance with the child support guidelines;
- a list of the information that Father needed to produce; and
- Father must produce the information within 15 days.

3

At that point, on August 31, 2019, Father filed a notice of appeal from the court's two August journal entries. That appeal was docketed with this court under case no. 121,843.

A hearing on child support and/or to determine whether Father should be held in contempt for failure to pay the child support and comply with the court's discovery order was subsequently set for November 18, 2019. The record on appeal ends before that hearing occurred.

Mother filed a motion for involuntary dismissal of the appeal in 121,360 for lack of jurisdiction because the district court had not issued a final order resolving all the issues—paternity, custody, parenting time, and child support. This court's motions panel denied the motion on present showing but permitted the parties to brief the issue for this panel, which Mother has done.

Mother contends that this court lacks jurisdiction over Father's appeals because none of the district court orders constitute a "final decision" in this case. She contends it was undecided whether $800 would remain Father's child support obligation and whether his child support obligation would be retroactive to December 2018. Father did not respond to the issue of jurisdiction.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *In re Care & Treatment of Emerson*, 306 Kan. 30, 34, 392 P.3d 82 (2017). The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Wiechman*, 304 Kan. at 84-85. Subject matter jurisdiction may be raised at any time, whether for the

first time on appeal or even on the appellate court's own motion. *In re Care & Treatment of Emerson*, 306 Kan. at 33.

We must answer two questions: Do we have jurisdiction to hear Father's appeal of the district court's child custody decision in this paternity case before the court issued a final decision resolving all the other issues in the case, i.e. child support? Do the district court's August 14 and August 20 journal entries dispose of the child support issue? The answer to both is no.

The first step is to identify the statutory authority for an appeal in a paternity action. These actions are unique and there are no special appeals granted in the Act, unlike other Acts dealing with children.

Certain child custody orders are immediately appealable in child in need of care proceedings prior to the final termination of parental rights, such as "any order of temporary custody," "adjudication," or "disposition." K.S.A. 2018 Supp. 38-2273(a). But this is not a CINC case. The terms "order of temporary custody," "adjudication," and "disposition" are terms of art within the Revised Kansas Code for Care of Children and do not apply to the custody order in this case. See *In re N.A.C.*, 299 Kan. 1100, 1116-21, 329 P.3d 458 (2014); *Bowen v. Cantrell*, No. 118,099, 2018 WL 793326, at *3 (Kan. App. 2018) (unpublished opinion); *In re E.W.*, No. 101,910, 2009 WL 5063416, at *4 (Kan. App. 2009) (unpublished opinion).

A termination of parental rights order in an adoption proceeding is immediately appealable even though the adoption proceeding is still pending in the district court because the appellate authority arises under K.S.A. 2018 Supp. 59-2401a(b)(1) of the probate code, which is broader and more inclusive than the general statute governing civil appeals which speaks only to "final decisions." *In re Adoption of Baby Girl P.*, 291 Kan.

5

424, 429, 242 P.3d 1168 (2010); *In re Adoption of A.A.T.*, 42 Kan. App. 2d 1, 4-6, 210 P.3d 640 (2006). But this is not an adoption proceeding.

But here, Mother brought a petition for declaration of paternity under the Kansas Parentage Act, K.S.A. 2018 Supp. 23-2209 et seq. The statutory authority for an appeal in such an action arises under the Code of Civil Procedure, K.S.A. 60-101 et seq. Father's appeals were not authorized as interlocutory appeals under K.S.A. 2018 Supp. 60-2102(c), nor did the district court certify that any of its judgments were final judgments and there was no just reason for delay under K.S.A. 2018 Supp. 60-254(b). Thus, if the district court did not enter a "final decision" within the meaning of K.S.A. 2018 Supp. 60-2102(a)(4), this court lacks jurisdiction over the appeals.

An appeal may be taken to this court as a matter of right from a "final decision" in an action. K.S.A. 2018 Supp. 60-2102(a)(4). A final decision generally disposes of the entire merits of a case and leaves no further questions or the possibility of future directions or actions by the district court. *Kaelter v. Sokol*, 301 Kan. 247, 249-50, 340 P.3d 1210 (2015).

"Interlocutory and piecemeal appeals are discouraged and are considered exceptional. When a district court bifurcates an action and delays ruling on some part of the matter before it, the case usually becomes ripe for appeal only when the district court enters final judgment on all pending issues." *In re Adoption of Baby Girl P.*, 291 Kan. at 429. Any order or decision that adjudicates fewer than all the claims does not end the action and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. K.S.A. 2018 Supp. 60-254(b).

Like a divorce action, a paternity action combines several issues. The determination of a child's parentage is only one of several issues to be decided in a paternity cause of action. See K.S.A. 2018 Supp. 23-2215(c), (d) "the court shall make

6

provision for support and education of the child" and "the court shall enter such orders regarding custody, residency and parenting time." In a typical divorce case, all the claims for relief are tried or settled at the same time. *State v. Hendricks*, 52 Kan. App. 2d 737, 741, 372 P.3d 437 (2016). When the trial court does enter a decree of divorce on a date different from which it enters final rulings on other issues such as custody, support, and division of property, "the entry of whichever order is later fixes the date from which the time for taking an appeal runs, and upon such an appeal all rulings of the trial court can properly be reviewed by this court." *McCain v. McCain*, 219 Kan. 780, 783, 549 P.2d 896 (1976). In other words, there is no final decision until all those issues are resolved.

Recently, a panel of this court held there was no "final decision" in a paternity case until matters of custody, parenting time, and child support were all resolved. *In re Biehl & Vandeloecht*, No. 117,932, 2018 WL 2170487, at *4-8 (Kan. App. 2018) (unpublished opinion). There, a party attempted to appeal from the paternity decision before custody and support were decided. In *State ex rel. Secretary of Social & Rehabilitation Services v. Chippeaux*, No. 98,530, 2008 WL 2510580, at *3 (Kan. App. 2008) (unpublished opinion), the denial of a motion for paternity testing was "obviously not a final decision on all the issues before the district court" when child support remained in dispute. And, "a finding of paternity, absent any determination of support, is generally not deemed a final and appealable order unless support was not sought." 14 C.J.S., Children Out of Wedlock § 135.

In *Kaelter*, our Supreme Court reversed this court and held the district court did not enter a final decision as required by K.S.A. 2013 Supp. 60-2102(a)(4) in an action by mother against father for determinations of paternity, custody, and support, where the district court left unresolved the issue of unreimbursed medical expenses. 301 Kan. at 247-48, 250. There, in its journal entry, the district court had stated it could not determine an appropriate division of past medical expenses due to a lack of sufficient

documentation and it anticipated an exchange of information between the parties to resolve the matter.

Then, in *Monter v. Monter*, No. 93,660, 2005 WL 3527049, at *2-4 (Kan. App. 2005) (unpublished opinion), a panel of this court held that when child support calculations were in issue, a party could not appeal a parenting plan until the child support was calculated.

Here, the court's memorandum decision on custody and parenting time was not a final decision because it left unresolved the issue of child support, as was noted in the memorandum decision. Thus, it did not dispose of all the issues of paternity case.

The court also did not enter a final decision on the child support matter. The court did order Father to pay $800 a month as a temporary child support obligation, which is permitted under K.S.A. 2018 Supp. 23-2224(c), stating "the court shall enter an order for child support during the pendency of the action." But a temporary order is not a final judgment. See *Bowen*, 2018 WL 793326, at *4. As of the hearing on August 12, Father had still not provided the discovery ordered so the court could determine whether it needed to increase his income for its child support calculation. Also, at the July hearing, the court had left open the issue of back child support and there was mention of it in the August 20 journal entry.

The lack of finality is evident from Father's argument on appeal. Without citing to the record, he contends the district court abused its discretion in setting his child support obligation without considering the documents and materials that were "requested to show his true financial situation." He asks that we remand for the district court to enter a child support order commensurate with his income. Father's arguments implicitly acknowledge that the child support matter was unresolved. If he ever provided those documents and

8

materials that were requested by Mother and ordered to be produced to the district court, it was after he appealed; there is no evidence of such compliance in the record we have.

We acknowledge that child support, custody, and parenting time orders may be modified throughout a child's minority when there has been a material change of circumstance and in the child's best interests. See K.S.A. 2018 Supp. 23-3005; 2018 Supp. 23-3218; 2018 Supp. 23-3219; 2018 Supp. 23-3221.

But we hold that a decision resolving all the pending claims in a paternity case is a final and appealable judgment even though the district court necessarily retains jurisdiction to enter orders of modification. See *Hendricks*, 52 Kan. App. 2d at 740. What precludes our jurisdiction in this case is that no decision resolving all the pending issues has been entered, not that such order, when entered, may be modified during the child's minority. See *In re Biehl & Vandeloecht*, 2018 WL 2170487, at *7. Until the district court issues an order adjudicating all the claims, the action continues and the district court necessarily retains jurisdiction to revise its prior orders. See K.S.A. 2018 Supp. 60-254(b).

Appeals dismissed for lack of jurisdiction.